### 'N. Y. MARINE COURT.

### HORTON agt. LA DUE.

*Application to the court for judgment by default — when necessary — Code of Civil Procedure, sections 420, 549, 1214.*

Judgment by default in an action for conversion can be entered only on application to the court.

*Special Term, September,* 1880.

McADAM, *J.* — The action is in trover for the conversion of certain jewelry of the alleged value of $516. The complaint, which is verified, was served with the summons, and the clerk entered judgment as by default, under section 420 of the Code of Civil Procedure. That section, properly construed, applies only to cases of express and implied contracts. The words " or the value of property delivered " used in said section, have reference to property delivered under some agreement, express or implied, whereby the person to whom the delivery is made has undertaken to pay the stipulated or reasonable value thereof. It was not intended to embrace cases where property has been delivered to a person, who tortiously converts the same to his own use, and who is sued for the conversion. The case falls under section 1214 (*supra*), and the plaintiff should have applied to the court for judgment, in which case the damages which were' unliquidated would have been legally assessed. The plaintiff, after entering his judgment, issued an execution against the person of the defendant, under which he is now confined in the county jail. As no order of arrest was issued in the action the plaintiff can justify the imprisonment only on the theory that the cause of action furnished the right to arrest. This brings us to the consideration of section 549 (*supra*), in which the cases wherein such arrest is allowable are enumerated. Conversion

and fraud are therein referred to, but an arrest " for the value of property delivered" is nowhere discovered. It must be apparent, therefore, that the plaintiff has mistaken the practice, and that the judgment and the proceedings founded upon it must be set aside. This conclusion rendered unnecessary the consideration of the other objections urged.

Ordered accordingly.