McAdam, Ch. J.
The action is on an undertaking given by the plaintiff in an action in #ie supreme court on obtaining an order of arrest. The condition of the undertaking is to pay all costs or damages sustained by reason of the arrest, not exceeding $500.
The plaintiff in his complaint, specifically charged four items of damages, viz.:
1. Costs on vacating arrest...................... $10 00
2. Counsel fee on motion........................ 100 00
3. Expense of procuring bail.................... 35 00
4. Sheriff’s and notaries’ fees, etc................ 25 00
Aggregating................................ $170 00
The balance of the claim of $500 made in and by the complaint, is for “the loss of liberty, the disgrace attending the arrest, and injury to business in consequence,”
*399 The judgment entered was for $510, and this without proof of damages or notice of assessment thereof.
It is clear that the clerk had no power to enter such a judgment without a previous assessment of damages by the court. Horton v. La Due, 59 How. Pr., 454. There was no contract, express or implied, to pay the plaintiff $500. The undertaking was to pay the plaintiff’s assessable damages not exceeding $500. Whether the plaintiff is entitled to recover for the loss of liberty, and the disgrace of the arrest, and the injury to his business, and the amount he is to recover, therefor, requires the exercise of a judicial judgment not vested in the clerk. The defects complained of are pointed out in the order to show cause, are sufficiently proved by affidavit, and are uncontradicted and unexplained.
It follows that the order appealed from must be reversed, with costs, and the application made below granted.
Browne, J., concurs.