Henry E. Wessels et al., Respondents, *v.* Gustavus Adolphus Boettcher, Appellant.

Upon motion to set aside an attachment granted, on the ground that defendant was a non-resident, it appeared that plaintiffs brought the action, as assignees of the claim set forth in the complaint; that their assignors had previously brought suit thereon and obtained an attachment, which was vacated on motion, and before the motion costs were paid this action was brought. *Held*, that while plaintiffs' assignors were stayed (Code Civ. Pro. § 779), the stay did not render the present action and the proceedings thereon void, and did not deprive the court. of jurisdiction, but only rendered further proceedings irregular ; and so did not affect the validity of the attachment; and that it was competent for the court below to deny the motion, in case plaintiffs paid the costs of the former action within twenty days.

(Argued April 9, 1894; decided April 17, 1894.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made the first Monday of December, 1893, which affirmed conditionally an order of Special Term denying a motion to vacate a warrant of attachment.

The facts, so far as material, are stated in the opinion.

*Noah Cornwell Rogers* for appellant. The facts alleged in the affidavit upon which this warrant of attachment was granted were insufficient to give the court jurisdiction, and the granting of the warrant was, therefore, beyond the power of the court. (*Goodrich* v. *Dorman*, 38 N. Y. S. R. 198; *Finlay* v. *De Castroverde*, 68 Hun, 59 ; *Tim* v. *Smith*, 93 N. Y. 87 ; *Mott* v. *Lawrence*, 17 How. Pr. 559 ; *St. Amant* v. *de Beixcedon*, 3 Sandf. 704 ; *Dolz* v. *A., etc., Co.*, 3 Civ. Pro. Rep. 164 ; *Wessels* v. *Boettcher*, 69 Hun, 306 ; Code Civ. Pro. § 229.) Plaintiffs were stayed from the bringing of this action, and all the proceedings had in reference to it were not merely voidable, but void. (*McWhinnie* v. *Cameron*, 19 Civ. Pro. Rep. 168 ; *Gardenier* v. *Eldred*, 21 id. 221 ; *Bartow* v. *Speis*, 73 N. Y. 133 ; Code Civ. Pro. § 779.) No sufficient:

service of the summons herein has ever been made.    (Code Civ. Pro. §§ 442, 443.)

*J. A. Shoudy* for respondent.

BARTLETT, J.    The plaintiff sued defendant for breach of an express contract, and obtained a warrant of attachment on the ground he was a non-resident.    The record discloses that defendant is a resident of the West Indies, and appears in this action specially by attorney for purpose of motion to vacate the attachment.    This motion was based on four grounds, viz. :

1. Plaintiffs were stayed by reason of non-payment of motion costs in a former action on the same cause of action.

2. Insufficient affidavit upon which the attachment was obtained.

3. That no notice was served with the summons, as required by section 443 of the Code of Civil Procedure.

4. That personal service of the summons was not made within thirty days after issuing warrant of attachment.

The special term denied the motion and the general term affirmed this order if plaintiffs paid motion costs in former action within twenty days after service of order, otherwise reversed it.

As to the first ground, it appears that the plaintiffs are the assignees of the claim sued on herein; that their assignors had previously sued thereon and obtained an attachment which was vacated by the court granting it, and the order affirmed in this court (138 N. Y. 654); that this action was brought before said motion costs were paid, and while plaintiffs' assignors were stayed under the provisions of section 779 of the Code of Civil Procedure.    The defendant's counsel insists that the effect of this stay was to render the present action and all proceedings therein absolutely void, and that the general term had no power to make the conditional order referred to.    The stay of proceedings, under section 779 of the Code, has no such effect and does not deprive the

court of jurisdiction when set in motion by the party resting under a stay. The only effect is to render the proceedings irregular, and when brought to the attention of the court the party violating the stay will be dealt with as may be proper. In this case it was competent for the general term to deal with the stay of proceedings and its violation in the manner already referred to. The regularity of the attachment was in no way affected by this stay of proceedings and its violation.

As to the second ground alleging insufficiency of affidavit, we are of opinion that the affidavit sets forth a good cause of action and is sufficient to sustain the warrant of attachment. We have examined the record in the first action brought by plaintiffs' assignors and find that the affidavit in the case at bar cures the defects of the former affidavit.

As to the third ground it appears by the affidavits of Robert M. S. Putnam and David Gibson that the notice required by sections 442-3 of the Code was personally served on the defendant without the state. These positive statements under oath override the allegations made on behalf of defendant upon information and belief, and the alleged fact that the notice is not on file with the clerk of the city and county of New York.

As to the fourth ground that the summons was not served within thirty days after warrant of attachment was issued. The attachment was issued July 6, 1893, and David Gibson swears that on the 25th of July, 1893, at Spanishtown, Island of Jamaica, British West Indies, he made personal service of the summons on the defendant.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.