(30 Misc. Rep. 531.)

REEDER v. LOCKWOOD et al.

(Supreme Court, Special Term, New York County. February 16, 1900.)

1. COSTS—PAYMENT—STAY OF PROCEEDINGS—WAIVER.

A party entitled to a stay of proceedings, under Code Civ. Proc. § 779, authorizing such stay until payment of costs, on a motion by party required to pay such costs, waives such stay by serving notice of trial or accepting such notice from the opposite party, after order granting costs is made.

2. SAME—MATURITY—WHEN STAY BECOMES OPERATIVE.

When no time for payment of costs is fixed in an order staying proceedings until such costs are paid, as authorized by Code Civ. Proc. § 779, such costs become due 10 days after personal service of the order, or 20 days after service by mail, and the stay commences to run from the time such costs become due.

3. ATTORNEY AND CLIENT—PLEADINGS—WITHDRAWAL BY CLIENT.

A party may withdraw pleadings interposed by his attorney while the retainer exists, without regard to the attorney.

4. JUDGMENT BY DEFAULT.

Code Civ. Proc. § 549, providing that, if a complaint alleges that money sought to be recovered was received by defendants in a fiduciary capacity,

there can be no recovery, unless the allegation is proved, does not apply where the defendants are in default, and the complaint shows they admit and confess that they owe the amount specified therein.

5. PARTNERSHIP—LITIGATION—CONDUCT—WITHDRAWAL OF ANSWER.

Where a partner, as agent of his firm, has verified a joint answer interposed for the firm in an action on a tort arising out of a partnership transaction for which the partners are jointly liable, a notice of withdrawal of "the answer interposed by me," and authorizing the plaintiff "to act as if no answer had ever been served," executed by such partner alone, without the knowledge or consent of his co-partner, does not operate to withdraw the answer or bind the other partner.

Action by Gilbert T. Reeder against Charles B. Lockwood and Walter S. Sinclair. There was judgment for plaintiff, which defendant Sinclair moves to set aside. Granted.

Leo Lithauer, for motion.
L. R. Beckley, opposed.

GILDERSLEEVE, J. This is an action brought by Gilbert T. Reeder against Charles B. Lockwood and Walter S. Sinclair, as copartners in business, for a conversion. The defendants were commission brokers, doing business under the firm name of C. B. Lockwood & Co. According to the complaint, they sold stock for the plaintiff, who was their customer, and appropriated the proceeds to their own use, with the exception of a small amount, which they paid over to the plaintiff. A joint answer for both defendants was served, containing a general denial, except as to the co-partnership and business of the defendants. The answer, however, was verified only by the defendant Lockwood. Plaintiff procured an order requiring the filing of said answer, and the answer was accordingly filed. Plaintiff also made a motion to compel the defendant Sinclair to file an answer, which motion was denied, with $10 costs. Defendants' attorney swears that these costs were never paid, whereas the plaintiff's attorney claims that they were paid to the defendant Lockwood. Notice of trial was served by the plaintiff, and defendants' attorney swears that notice of trial was also served by the defendants, but this statement is denied by the plaintiff's attorney. Note of issue was filed, and the case placed upon the calendar. Subsequently, the defendant Lockwood served notice on plaintiff's attorney that he thereby withdrew his answer, and shortly thereafter notified the attorney for the defendants that he had so withdrawn his answer. The other defendant, however, did not join in such withdrawal. Upon this duly-acknowledged withdrawal of the answer by the defendant Lockwood, the plaintiff entered up judgment by default against both defendants for the sum of $3,475.44, the amount claimed in the complaint, with interest, and $89.20 costs, making a total of $3,564.64, and issued execution thereon. The defendant Sinclair thereupon obtained an order to show cause, with stay, why the judgment as to him should not be set aside. The plaintiff and his attorney claim that Sinclair is a bankrupt, and that he resides out of the state. They also claim that the defendants confessed that they had converted to their own use the proceeds of the sale of plaintiff's stock. The defendant Sinclair, on

the other hand, swears that he has a good defense on the merits to the plaintiff's claim.

Four reasons are urged by the defendant Sinclair for setting aside the judgment, to wit: (1) That the $10 costs have not been paid; (2) that the notice of withdrawal of the answer was not made by the attorney of record, and was made without his knowledge and consent; (3) that the withdrawal was executed only by the defendant Lockwood, while the answer was the joint answer of both defendants, and Lockwood had no right to withdraw the answer of Sinclair; (4) that the judgment should not have been entered by the clerk as on a default, as the action was for conversion, showing unliquidated damages, and the plaintiff should have applied to the court.

As to the first objection, Code Civ. Proc. § 779, provides that "all proceedings on the part of the party required to pay the same [costs of motion], except to review or vacate the order, are stayed, without further direction of the court, until the payment thereof; but the adverse party may, at his election, waive the stay," etc. As above stated, there is a question of fact as to the payment or non-payment of these costs. In any event, the defendant, according to the affidavit of his attorney, waived the stay by serving notice of trial subsequent to the order granting costs, and also by accepting the notice of trial of the plaintiff. Verplanck v. Kendall, 47 N. Y. Super. Ct. 513. No time for the payment of the costs was stated in the order, and they, therefore, became due 10 days after personal service of the copy of the order, or 20 days after service by mail, and, if they were not paid when so due, the stay commenced to become operative. Marks v. King, 66 How. Prac. 453. The evidence as to dates is not very clear, but it appears to have been assumed that there was a personal service of the copy of the order, and that the notices of trial were served after the expiration of the 10 days. I am inclined to overrule the first objection to the validity of the judgment.

The second objection to the judgment, i. e. that defendant Lockwood should have acted through his attorney in his attempt to withdraw the answer, is based upon a special-term decision of 1866 (Halsey v. Carter, 6 Rob. 536), holding that a party who has appeared by attorney cannot, while the retainer continues, appear on the record in person, and that it is proper to disregard a notice signed by defendant in person while he had an attorney. The withdrawal of the answer by Lockwood is dated November 20, 1899, and reads as follows, viz.: "To L. R. Beckley, Esq., Attorney for Plaintiff: Please take notice that I do hereby withdraw the answer interposed by me herein on the 2d day of August, 1898, and I do hereby direct and authorize you to disregard the same, and to act as if no answer had ever been served herein." The notice to his own attorney is dated November 21, 1899, but, according to the affidavit of the defendants' attorney, was not served until November 23, 1899. It reads as follows, viz.: "To Leo Lithauer, Esq., Attorney, No. 271 Broadway: Please take notice that I have withdrawn my answer interposed by you in the above-entitled cause of action, and request and direct you to take no further proceedings on my

behalf in said cause of action herein." The judgment on default was entered on November 22, 1899. The answer itself begins thus, viz.: "The defendants, for their answer, by Leo Lithauer, their attorney, respectfully show to the court," etc. The verification begins as follows, viz.: "Charles B. Lockwood, being duly sworn, deposes and says that he is one of the defendants in this action; that he has read the foregoing answer," etc.; following the usual form of a verification to an answer. So far as the second objection raised by defendant on this motion is concerned, the rule is well established that the parties may settle between themselves, without regard to the attorneys, subject, of course, to an attorney's right to enforce his lien, should he be defrauded of his costs and turned over to an irresponsible client. Poole v. Belcha, 131 N. Y. 203, 30 N. E. 53.

Before considering the third objection, we will dispose of the fourth, i. e. that application should have been made to the court for the judgment. It is true that the complaint charges the wrongful sale by the defendants of plaintiff's stock intrusted to them, and the conversion of the proceeds of such sale; and it is also true that the defendants were arrested in this action, under section 549, subd. 2, Code Civ. Proc. The provisions of that section, however, requiring that the allegations be proved, apply only where a defense has been interposed, and a trial is necessary. See Steamship Co. v. Seager, 31 App. Div. 288, 52 N. Y. Supp. 985. If the plaintiff in the case at bar was right in assuming that the defendants were in default, his practice in entering up the judgment without application to the court was correct. The complaint charges that defendants admitted and confessed that they owed the amount specified in the complaint, and promised to pay the same, and that an account was stated between the parties, showing and specifying the amount due from defendants to the plaintiff. There is no merit in the fourth objection of the defendant, and the special-term decisions cited by his counsel, to wit, Fayerweather v. Tucker (Sup.) 11 N. Y. Supp. 40, and Horton v. La Due, 59 How. Prac. 454, so far as they disagree with the doctrine of Steamship Co. v. Seager, supra, are overruled by the latter.

There now remains the third objection to be considered, i. e. the effect on the rights of Sinclair caused by the withdrawal of the answer by Lockwood. The answer, as we have seen, was for both defendants, although verified by one only. Mr. Lithauer was retained by both defendants, but more especially by Sinclair. The withdrawal refers only to the answer of Lockwood, and makes no reference to the other defendant, although it authorizes plaintiff "to act as if no answer had ever been interposed herein." The defendants were sued as co-partners, they were jointly liable for the tort, which arose out of a partnership transaction (see In re Blackford, 35 App. Div. 330, 54 N. Y. Supp. 972), and they put in a joint answer. One of the defendants, without the consent or knowledge of the other, withdrew the answer. The answer was the partnership answer, and Lockwood, as agent for the partnership, verified it. In withdrawing it, he does not pretend to be acting as agent for the partnership, but states that he withdrew the answer interposed by him, without any reference to the other partner or to the partner-

ship. It is a general rule that, while each partner has the right to plead separately, still a defense made by one partner, which goes to the whole execution or consideration of the claim, will inure to all the partners. Bates, Partn. § 1071. In Pars. Partn. (4th Ed.) § 125, we find the following, viz.: "The same principles of the common law which operate to disable a partner from binding his co-partners by specialty must, it should seem, still more completely incapacitate him to bind them, without their distinct assent, by a voluntary confession of judgment." It would seem that the same principle applies to the withdrawal of an answer, which has the effect of allowing a judgment to be entered on default. On the other hand, in the cases of Mabbett v. White, 12 N. Y. 442, and Bulger v. Rosa, 119 N. Y. 459, 24 N. E. 853, it was held that one partner has authority to sell and transfer all the co-partnership effects directly to a creditor of the firm, in payment of a debt, without the knowledge or consent of his co-partner. The facts, however, in those cases are not at all parallel with those in the case at bar. In Welles v. March, 30 N. Y. 344, the court held that the authority of each of several partners, as agent of the firm, is necessarily limited to transactions within the scope and object of the partnership, and in the course of its trade or affairs. In that case the assignment by one of the partners of the firm's assets for the benefit of creditors, without the consent of the other partners, was held to be without the scope of the partnership enterprise, and not within the implied authority of the partner, and therefore void. It seems to me, under all the facts and circumstances of this case, that the notice of withdrawal by Lockwood did not operate to withdraw the answer of the partnership, nor was it binding on Sinclair.

Motion granted, with $10 costs. Settle order on notice.