### CANAVELLO v. MICHAEL & CO.

(City Court of New York, General Term. April 5, 1900.)

1. JUDGMENT—ENTRY ON DEFAULT—ACTION ON GUARANTY.

An action against a corporation on a guaranty is not within Code Civ. Proc. § 1778, providing that in an action against a corporation to recover on an evidence of debt for the absolute payment of money, unless defendant serves, with a copy of his order or demurrer, a copy of an order that the issues be tried, plaintiff may take judgment, as in case of default, at the expiration of 20 days after service of a copy of the complaint.

2. SAME—PAYMENT OF MOTION COSTS.

The fact that motion costs were not paid prior to the service of an answer does not authorize the entry of judgment as in case of default, where the order for such costs was served two days prior to the service of the answer, and did not contain any time limit within which payment was to be made, as in such case payment may be made within 10 days, as provided by Code Civ. Proc. § 779.

3. SAME—SERVICE OF ANSWER—WAIVER OF OBJECTION.

The failure to return an answer when judgment, as in case of default, was entered, is a waiver of an objection that it was served without the payment of certain costs, and makes the entry of judgment improper at that time.

Appeal from special term.

Action by one Canavello against Michael & Co., a corporation, impleaded, etc. From an order denying defendant's motion to vacate a judgment entered on failure to serve answer, it being alleged that a copy of answer had been received, but was not served in time, defendant appeals. Reversed.

Argued before O'DWYER and HASCALL, JJ.

Wertheimer & Duffy, for appellant.
Frank H. Gray, for respondent.

HASCALL, J. Plaintiff sues to recover upon an alleged agreement by defendant to pay rent, because it had occupied premises, in connection with its co-defendant, for two months. There was no lease, but an alleged written obligation, which seems to be treated by all the parties as a guaranty, and which respondent claims is a promise to pay. The case is at once taken out from under section 1778, Code Civ. Proc., by good authority (New York Life Ins. Co. v. Universal Life Ins. Co., 88 N. Y. 424), and, as it was thus not necessary to serve with the answer an order that the issues be tried, now, to sustain the order, there must be some other reason than that advanced by the respondent. Such other reason is that motion costs had not been paid. But the order therefor was only served two days prior to the service of answer, and did not contain, so far as the appeal book shows, any time limit within which payment was to be made; hence 10 days (section 779) is the time fixed, of which only 2 days had expired. The papers also show that the answer had not been returned when judgment was entered. This may be held a waiver of objection, and made the entry of judgment an impropriety at that time, now to be relieved against.

Order appealed from reversed, and motion granted, with costs and disbursements to be offset against costs of motion accrued below.

O'DWYER, J., concurs.