(32 Misc. Rep. 388.)

AUSTIN v. WITMER et al.

(Supreme Court, Special Term, New York County. August, 1900.)

RESETTLEMENT OF ORDER—PAYMENT OF MOTION COSTS.

An order granting, "on payment of $10 costs of this motion," without specifying time of payment, motion to compel plaintiff to accept answer, will not be amended to provide that if costs are not paid within 10 days motion shall be denied, plaintiff having been guilty of laches by not moving to resettle order till long after answer was served on and accepted by him, and his rights not being compromised by failure of the order to fix time of payment; motion costs being, in the absence of provision in the order, payable 10 or 20 days after service of the order, defendant being liable for the costs by reason of plaintiff's acceptance of the answer, and Code Civ. Proc. § 779, providing for issuance of execution therefor.

Action by John E. Austin against William H. Witmer and others. Plaintiff moves to resettle an order. Motion denied.

Campbell & Hance, for the motion.
H. W. Leonard, opposed.

GILDERSLEEVE, J. The defendants, some time in April last, made a motion before Mr. Justice Freedman to compel the plaintiff to accept an answer. The motion was granted "upon payment of $10 costs of this motion," and an order to that effect was duly entered in said month of April. Thereafter, and in May, 1900, the answer was accepted by the plaintiff, but the defendants had never paid the costs. The said order of Mr. Justice Freedman failed to specify any period of time within which the costs were to be paid. The plaintiff now moves to amend the said order by "inserting therein a provision that, if the costs of the motion are not paid within ten days, the motion shall be denied, with $10 costs." This would appear to have the result of striking out the said answer, which was, as we have seen, served and accepted last May. The plaintiff has been guilty of laches in moving to resettle the said order. Moreover, there is nothing to indicate that plaintiff's rights were compromised by the omission to fix the time for the payment of costs in the said order. The rule is that, when no time for the payment of motion costs is stated in the order, they become due 10 days after personal service of a copy of the order, or 20 days after service of the same by mail; and, if not paid when so due, the stay, under section 779 of the Code, commences to become operative. See Reeder v. Lockwood, 30 Misc. Rep. 531, 62 N. Y. Supp. 713; Verplanck v. Kendall, 47 N. Y. Super. Ct. 513. Code, § 779, provides that an execution may be issued against the personal property of the party required to pay the said costs when the same become so due and payable. In the case at bar the costs were imposed as a condition for the granting of a favor to the defendants. As the defendants got the benefit of this favor through the acceptance by the plaintiff of the said answer, the said defendants became liable for the said costs. The plaintiff, so far as appears, has not waived his right to these costs, although he has been somewhat tardy in making any attempt

66 N.Y.S.—46

to enforce this right. The motion for a resettlement of the order should be denied, but without costs.

Motion denied, without costs.