ALLEN v. BECKET.

(Supreme Court, Appellate Term.  June 26, 1903.)

1. COSTS—PAYMENT—RIGHT OF APPEAL.
    Under the express provisions of Code Civ. Proc. § 779, the payment of costs imposed by certain orders is not a prerequisite to appeals from such orders.

2. SAME—WAIVER.
    A party entitled to a stay of proceedings for the nonpayment of costs waives the stay by receiving and retaining from the opposite party the notices of appeal, printed papers, and notice of argument.

Appeal from City Court of New York, Trial Term.

Action by Willard S. Allen against Mary A. Becket. From a judgment for defendant, plaintiff appeals. On motion to stay proceedings for the nonpayment of motion costs. Denied.

See 84 N. Y. Supp. 1007, 1009, 1011, 1012.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

J. A. Allen, for appellant.
J. Fromme, for respondent.

PER CURIAM. Upon respondent's motion to return the return on appeal to the City Court on the ground that the order appealed from, and dated May 22, 1903, was superseded by an order of the said court dated May 25, 1903, we concluded that the consideration of said motion should take place in connection with the consideration of the appeal from the order. On calling the appeal for argument, and also the appeal from the judgment, it was claimed by the respondent that the proceedings of the appellant were stayed for nonpayment of motion costs, and additional affidavits were handed up on that point. It appears from the papers submitted that the appeal from the judgment rendered in favor of the defendant and against the plaintiff for costs had been fully perfected and noticed for argument and placed upon the calendar of this court before the orders imposing costs, for the nonpayment of which the respondent claims the appellant is stayed, were made. It further appears that by orders of May 4th and May 6th costs were imposed by the court, which costs the respondent claims have not been paid, and that is substantially conceded by the defendant. Appeals from said orders have been taken and perfected, as also an appeal from the order made May 22d. It is stated by appellant that the respondent's attorneys have been duly served with notices of appeal and argument, and the printed papers on appeal, and have received and retained them with-

out objection, and this is not contradicted. It was not necessary for the plaintiff to pay the costs imposed by the orders appealed from, as a prerequisite to bringing appeals therefrom. Section 779 of the Code provides that, where costs are imposed, "all proceedings on the part of the party required to pay the same, except to review or vacate the order, are stayed," etc. The right to review the order by appeal or otherwise is excepted from the stay and payment of the costs prior to an appeal taken from the order. So far as the non-payment of such motion costs operated as a stay to prevent the appellant from proceeding with the argument upon appeal, the respondent's attorney must be deemed to have waived such right to stay the plaintiff, if any existed, by receiving and retaining the notices of appeal, printed papers, and notice of argument. Reeder v. Lockwood, 30 Misc. Rep. 531, 62 N. Y. Supp. 713; Canavello v. Michael, 31 Misc. Rep. 170, 63 N. Y. Supp. 967. The appellant was therefore not stayed in this court by reason of the nonpayment of the costs of the motion aforesaid.

As the appellant states that he intends to appeal from the order of May 25th resettling and vacating the order of May 23d, such appeal should be perfected and brought on for argument at the same term as the prior appeals from the judgment and orders referred to, at which time all the appeals can be heard and determined.