DOUT v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   June 12, 1903.)

1. MOTION COSTS—NONPAYMENT—STAY—WAIVER.
      Code Civ. Proc. § 779, provides that, where motion costs are not paid
   within the time fixed, all proceedings on the part of the party required
   to pay the same are stayed without further direction of the court.  Plain-
   tiff procured a default judgment against defendant.  The judgment was
   vacated on defendant's motion on his paying costs and expenses.  The
   cause was set down for trial, and plaintiff took another default judg-
   ment, which was also vacated on defendant's motion on his payment
   of costs to abide the event and the jury fee.  Defendant paid the jury
   fee, but failed to pay any of the costs and expenses.  The cause was
   again set down for trial, and the parties appeared, and the trial com-
   menced, plaintiff examining the jury, and declaring it satisfactory.  Held,
   that plaintiff waived the stay created by the statute.

Appeal from Municipal Court, Borough of Brooklyn, Second Dis-
trict.

Action by Henry F. Dout against the Brooklyn Heights Railroad
Company.  From a judgment for plaintiff, and from an order denying
a motion to open a default because of defendant's failure to comply
with the terms of an order opening a default, defendant appeals.  Re-
versed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
HIRSCHBERG, and HOOKER, JJ.

I. R. Oeland, for appellant.
William T. Sabine, for respondent.

HOOKER, J.   This action was brought to recover damages for
personal injuries alleged to have been sustained by the plaintiff while
in the act of stepping upon one of the cars of the defendant by the
falling against him of the bridge used by the defendant in connection
with the operation of its railroad.   The case was set down for trial
in the Municipal Court on the 14th day of November, 1902.   Upon
defendant's default an inquest was taken, and judgment entered in the
sum of $100 and costs.   Upon motion of the defendant an order
was, on the 25th day of November, 1902, made by the justice who
rendered the judgment, setting aside the inquest and vacating the
judgment upon the payment of $10 costs and $5.20 expenses.   The
case was again set down for trial on the 3d day of December, 1902.
On that day plaintiff moved the case.   Defendant was not ready to
proceed.   Plaintiff took another inquest, and the court rendered judg-
ment in plaintiff's favor for $105 and costs.   Upon a second motion
of the defendant an order was made on the 16th day of December
setting aside the inquest and vacating the judgment upon condition
that the defendant pay $10 costs to abide the event, and pay to the
clerk of the court the jury fee for summoning the new jury.   The de-
fendant paid that jury fee, and on the 30th day of December—the day

¶ 1. See Costs, vol. 13, Cent. Dig. § 1060.

on which the case was set down for trial by the order vacating the second default—the parties appeared, and, after the plaintiff had examined the jury, and declared it satisfactory, and while additional talesmen were being summoned to take the place of jurors excused by the court, the plaintiff's attorney objected to proceeding with the trial of the action for the reason that the defendant had failed to pay terms imposed by the order of November 25, 1902, opening defendant's default. The court inquired of defendant's counsel why those costs had not been paid, who replied that he did not think the defendant was compelled to pay the costs, but agreed to comply with any conditions the court might then impose. The court refused to impose any conditions, and held that, by reason of the failure of the defendant to comply with the order of November 25th, it was entitled to no further consideration from the court, which thereupon directed that an order be entered denying the motion to open the first default, with costs and disbursements. An order in writing was entered on the 2d day of January, 1903, denying defendant's motion to open the first default because of its failure to comply with the terms and conditions of the order of November 25th, and directing that the judgment of November 14th stand as taken, and be re-established as of January 2, 1903. The defendant appeals from the judgment of November 14, 1902, and likewise appeals from the order of January 2, 1903, denying the motion to open the default and directing that the judgment be re-established.

The defendant was, from the nature of the order, only entitled to enjoy the privilege of a trial after its first default upon complying with the terms of the order of November 25th, and, had plaintiff pursued the ordinary course of refusing to proceed to another trial until such compliance, he might have enforced it. He has, in our opinion, waived his advantage under that order, and cannot now be heard to complain that the costs and disbursements have not been paid. With his eyes open, he deliberately went to a trial of the merits of the controversy on the 30th day of December, and it was not until after that trial had been fairly begun that he raised the question of the nonpayment of the costs. Mattice v. Shelland, 76 App. Div. 236, 78 N. Y. Supp. 537, was a case where the plaintiff served a notice of trial while the proceedings of the defendant were stayed by virtue of the provisions of section 779 of the Code of Civil Procedure, relating to the nonpayment of motion costs, and it was held that, at least to the extent of allowing the defendant to take part in the trial, the mere service of the notice of trial operated as a waiver of the stay. Eisenlord v. Clum, 52 Hun, 461, 5 N. Y. Supp. 512; Verplanck v. Kendall, 47 N. Y. Super. Ct. 513; Brown v. Griswold, 23 Hun, 618. The doctrine that parties at all times capable of waiving statutory or constitutional provisions made for their benefit may, by appearing and omitting to object to the proceeding, waive a statutory requirement, not jurisdictional, finds a strong application to the facts in the case at bar. Phyfe v. Bimer, 45 N. Y. 102; In re Cooper, 93 N. Y. 507; Embury v. Conner, 3 N. Y. 511, 53 Am. Dec. 325. The true effect of plaintiff's conduct was that he waived the advantages of the order by proceeding with the trial of his case, and after the trial had proceeded he could not recall what he had lost.

The judgment and order should be reversed, without costs in this court, and a new trial ordered upon payment by the defendant of all the taxable costs and disbursements to date.   All concur.

CONLON v. MISSION OF IMMACULATE VIRGIN et al.

(Supreme Court, Appellate Division, First Department.   June 19, 1903.)

1. SPECIFIC PERFORMANCE—CONTRACT TO DEVISE PROPERTY—CERTAINTY.
    In an action to enforce specific performance of a contract to devise property to plaintiff, the ordinary rules governing actions for specific performance of contracts are to be rigidly applied, and the contract must be certain and definite in all its parts.

2. SAME—EVIDENCE—SUFFICIENCY.
    Where plaintiff sought specific performance of a contract whereby her deceased husband had agreed to devise all his property to her, and one witness testified that decedent had told him he had promised to do everything he could for plaintiff, and other witnesses testified to declarations of decedent that he had promised to leave plaintiff all his property, but their testimony was vague and unsatisfactory, and in some respects contradicted, and it appeared that plaintiff had brought an action in which she claimed and was awarded dower in decedent's estate, a judgment denying the relief was warranted.

3. SAME—DECREE.
    Where, in a suit to enforce specific performance of a contract, whereby a decedent had agreed to devise money to plaintiff, no such contract appears, but there is proof that plaintiff advanced certain sums to the decedent, a decree dismissing the complaint should provide that it is dismissed without prejudice to plaintiff's rights to maintain any action to recover any indebtedness due her.

Appeal from Special Term, New York County.

Action by Eva K. Conlon against the Mission of the Immaculate Virgin and others.   From a judgment dismissing the complaint (79 N. Y. Supp. 406), plaintiff appeals.   Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Morris A. Tyng, for appellant.
Geo. M. S. Schulz, for respondents Dolan and others.
B. P. Ryan, for respondents Jones and others.