### ALLEN v. BECKET.

(Supreme Court, Appellate Term. November 18, 1903.)

1. COSTS—STAY OF APPEAL.
   The entry of, and appeal by plaintiff from, an order granting a 'motion by defendant, are not stayed by failure to pay costs imposed on plaintiff by a previous order in the same cause, since Code Civ. Proc. § 779, providing for a stay until payment of costs, applies only to some progressive steps taken in the action.
2. VOID ORDER—MOTION TO RESETTLE.
   A motion to resettle an order entered without warrant should be denied.

Appeal from City Court of New York, Special Term.

Action by Willard S. Allen against Mary A. Becket, doing business under the name of Haeger Storage Warehouses, for conversion. From an order granting defendant's motion for a resettlement of a previous order, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

James A. Allen, for appellant.
Jacob Fromme, for respondent.

FREEDMAN, P. J. On May 23d the defendant, upon an affidavit made by her attorney setting forth that, upon the return of the motion made by the plaintiff to vacate the defendant's "second" order, which motion was heard on May 22d (see appeal from order No. 4, 84 N. Y. Supp. 1012), the defendant "appeared and opposed the motion, making a preliminary objection thereto that the $10 costs awarded in the order of May 4th had not been paid, although more than ten days had elapsed since the order was served upon plaintiff's attorney, which plaintiff's attorney admitted to be true," obtained an order to show cause, returnable on May 25th, why the order of May 22d entered by plaintiff's attorney (see above opinion in No. 4) should not be "resettled," and the resettled order entered in place of the order of May 22d aforesaid. The manner in which the order was asked to be resettled was contained in a submitted proposed order which set forth that the aforesaid preliminary objection was made,

etc. This order to show cause was returnable upon May. 25, 1903. Upon the hearing of that motion the plaintiff's attorney filed his affidavit showing that the order of May 22d had been entered; that he had appealed therefrom, and had served his notice of appeal, together with the printed copies of the papers, as required by the general rules of practice, with notice of argument, upon defendant's attorney; and that said attorney had accepted and retained the same. He further showed that no attempt to procure the order aforesaid, entered by him on May 13th, to be resettled or amended, had been made until after plaintiff's appeal aforesaid had been perfected, and the same ready for argument. This statement was not disputed by defendant's attorney. The court, however, granted defendant's motion, with $10 costs against the plaintiff. From the order granting the defendant's motion aforesaid, this appeal is taken.

The defendant, upon this appeal, as upon the appeal from the order of May 22d, urges (1) that, the order having been entered prior to the expiration of 24 hours after it was. granted, the same was void; and (2) that the plaintiff was stayed from all proceedings by failure to pay the costs previously imposed by the order of May 4th and 6th.

We have disposed of her first point in our determination of the appeal from the order of May 22d. See opinion in No. 4.

At the June term of this court the defendant moved that the printed papers upon the appeal from the order of May 22d be returned to the City Court, upon the ground that the order appealed from was superseded by the order herein appealed from; also urged that the appeal could not be heard upon plaintiff's notice of argument, for the reason that he was stayed for nonpayment of motion costs. We then held, for reasons stated in the opinion (see opinion in Allen v. Becket, 85 N. Y. Supp. 192, June Appellate Term) that the plaintiff was not stayed. Additional reasons are that the stay contemplated by section 779, Code Civ. Proc., applies to some progressive steps taken in the action by the party stayed. No such steps were taken by the plaintiff in entering and appealing from the order. He was simply protecting rights that had been attacked by the defendant.

It also follows that, as the "second" order entered by the defendant on May 13th was entered without warrant, the subsequent attempt to resettle the same falls with the failure to sustain that order.

Order of May 25th reversed, with $10 costs and disbursements. All concur.