ALLEN v. BECKET.

(Supreme Court, Appellate Term. November 18, 1903.)

1. APPEAL—RECORD—BRIEFS.

An appellate court is bound only by the record as to the circumstances of the entry of an order in the court below, and not by statements in briefs of counsel.

2. ORDERS—IRREGULARITY OF ENTRY.

The entry of an order before 24 hours had elapsed after it was granted does not render it void, but only irregular.

8. SAME—SUBSTITUTION.

Where an order in favor of defendant is entered irregularly by plaintiff, a duplicate of the order, entered by defendant, should be set aside on plaintiff's motion; the proper practice being for the defendant to move to vacate plaintiff's order and substitute his own.

Appeal from City Court of New York, Special Term.

Action by Willard S. Allen against Mary A. Becket, doing business under the name of Haeger Storage Warehouses. From an order denying plaintiff's motion to set aside a duplicate order in the trial court, he appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

James A. Allen, for appellant.
Jacob Fromme, for respondent.

FREEDMAN, P. J. On May 4, 1903, the order denying plaintiff's motion to vacate the execution was made. On May 6th plaintiff made an application for an order resetting the above-mentioned order. This motion he was allowed to withdraw upon payment of $10 costs, and an order to that effect was entered the same day. On May 8th he again applied for a resettlement of the order of May 4th, which was denied; and on May 11th he entered, upon notice to the defendant's attorney, the order denying that motion. On May 13th he appealed from the orders of May 4th, May 6th, and May 11th, which appeals we have decided in the appeals from orders No. 3, supra. 84 N. Y. Supp. 1009. After these appeals had been taken, and upon the same day (May 13th), the defendant caused to be entered, without notice, an order substantially similar in all respects to the order theretofore entered and appealed from by plaintiff, which order denied plaintiff's motion for a resettlement of the order of May 4th. Plaintiff's attorney thereupon requested the defendant's attorney to consent to an order vacating said duplicate order, which was refused. Thereafter, and upon May 22d, upon an order to show cause, plaintiff moved for an order vacating said duplicate order, which motion was denied, and from the order denying such motion this appeal comes up.

The defendant urges two reasons for sustaining the order of the court below in refusing to vacate the duplicate order entered as aforesaid: First, that the order entered by the plaintiff upon May 13th was void, having been entered before 24 hours had elapsed after it had been granted; and, second, that the plaintiff was stayed for nonpayment of the motion costs imposed by the prior orders appealed from. These objections appear nowhere but in the brief of the defendant's attorney. Nothing of the kind appears in the record, which is certified to by the clerk as containing the whole of the original papers. The defendant submitted no papers upon the return of the order to show cause, and the order itself recites no grounds for the denial of the motion. It simply says, "The plaintiff having * * * moved to vacate a second order," etc. This court is bound by the record, and not by statements contained in briefs of counsel.

. ·The entry of defendant's order in question was needless, and could serve no valid purpose. Its entry merely served to incumber the records of the court, and its merits were already pending upon an appeal from a precisely similar order. Its retention upon the records of the court in case the. order appealed from was vacated would have presented the anomalous position of one order set aside upon appeal, with a like order remaining unrevoked; nor should the plaintiff have been compelled to appeal therefrom. If the objections to the entry of the order by the plaintiff were contained in the record, and were undisputed, it would not render the order so entered void, but merely irregular. Wessels et al. v. Boettcher, 142 N. Y. 212, 36 N. E. 883. The defendant should have moved to vacate plaintiff's order, and to have had her order substituted therefor.

The order denying the plaintiff's motion to vacate the defendant's order of May 13th is reversed, with $10 costs and disbursements of the appeal therefrom, and the motion granted, with $10 costs. All concur.