(81 Misc. Rep. 416.)

GENEVA MINERAL SPRINGS CO., Limited, v. STEELE et al.

(Supreme Court, Equity Term, Ontario County.   June, 1913.)

1. COSTS (§ 276*)—STAY OF PROCEEDINGS—WAIVER.

Where defendant's motion to amend a judgment entered by plaintiff on appeal to the Appellate Division was granted with costs, and it was necessary that an appeal by him to the Court of Appeals be taken during the stay of plaintiff's proceedings under Code Civ. Proc. § 779, authorizing such stay until payment of costs, the fact that defendant took steps necessary to preserve his right of appeal did not waive his rights under the stay.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1045–1047, 1058–1060; Dec. Dig. § 276.*]

2. COSTS (§ 276*)—STAY OF PROCEEDINGS—EFFECT.

Where plaintiff, after an order restraining him from proceeding further has been served upon him, retaxes his costs and takes other proceedings, such retaxation and proceedings, except those in relation to an appeal taken by defendant will be vacated.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1045–1047, 1058–1060; Dec. Dig. § 276.*]

Action by the Geneva Mineral Springs Company, Limited, against Charles A. Steele, impleaded with others.   Motion for retaxation of costs.   Decreed according to opinion.

See, also, 156 App. Div. 879, 140 N. Y. Supp. 1120.

Myron D. Short, of Canandaigua, for plaintiff.
William S. Moore, of Geneva, for defendant Steele.

SAWYER, J.   Upon April 26, 1913, a Special Term order was granted on defendant's motion amending a judgment on appeal to the Appellate Division, theretofore entered herein by plaintiff.

[1] The situation here presented has arisen from the effort of plaintiff's attorney to offset the $10 costs of motion there allowed against his general costs of the action.   This is contrary to the well-established rule governing the practice in relation thereto.   Marshall v. Meech, 51 N. Y. 140, 10 Am. Rep. 572; Tunstall v. Winton, 31 Hun, 219; Gibbs v. Prindle, 11 App. Div. 471, 42 N. Y. Supp. 329.   The order was entered in the office of the clerk of Ontario county upon the 2d day of May, 1913, and a copy with notice of its entry on the same day served upon plaintiff's attorney by mail.   Plaintiff not having paid the costs provided therein, all further proceedings in the action upon its part became automatically stayed after the 15th day of May following.   Code Civ. Proc. §§ 779–798; Reeder v. Lockwood, 30 Misc.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Rep. 531, 62 N. Y. Supp. 713. On May 6th plaintiff taxed the costs of appeal and caused same to be included in the judgment theretofore entered, and upon the 12th served same, together with a notice of retaxation, upon defendant's attorney, which retaxation was noticed for the 21st day of May. Such taxation of costs and notice of retaxation was properly made, for, as above stated, the stay of proceedings did not become operative until after 13 days from service of the order upon counsel.

As soon as notice of taxation of the costs and of their retaxation was received, defendant's attorney noticed this motion to vacate and set them aside on the ground that same had been irregularly had, and procured from a justice of this court an order specifically staying all plaintiff's further proceedings until its hearing and determination. These motion papers, together with the staying order so obtained, were served upon plaintiff's attorney personally upon the 17th day of May, 1913. Disregarding, however, both the operation of section 779 of the Code of Civil Procedure and the specific injunction of the restraining order, that attorney at the time fixed in his notice, namely, May 21,1913, proceeded to and did retax his costs. There was no intention of wantonly violating either the statute or the order of the Supreme Court justice involved, for he insists that neither was then in effect because defendant's attorney had, by taking onward steps in the action, waived all benefit of either stay.

It appears that defendant's time in which to appeal to the Court of Appeals from the judgment as amended would have expired upon the 20th day of May, 1913, and that on or about the 15th he filed a notice of such appeal, together with an undertaking with the county clerk, and afterward, and on the 20th day of May, 1913, served them upon plaintiff's attorney.

The question is thus squarely presented as to whether, by adopting this precaution, defendant waived the various stays in his favor and opened the door for any and all proceedings which plaintiff might subsequently desire to adopt; that, by taking the steps necessary to preserve his right to appeal, defendant waived the stays to the extent of allowing plaintiff to meet and protect itself against the appeal is undoubted. Mattice v. Shelland, 76 App. Div. 236, 78 N. Y. Supp. 537. It was there held that section 779 was not intended to prevent a party moved against from asserting his natural legal right of self-defense, but the court refused to determine whether such a stay was wholly or only partially waived by onward acts of the party in whose favor it existed, or, if the latter, to define the extent of the waiver.

None of the cases to which my attention has been called by counsel goes beyond this doctrine of self-defense (Verplanck v. Kendall, 47 N. Y. Super. Ct. 513; Eisenlord v. Clum, 52 Hun, 461, 5 N. Y. Supp. 512; Reeder v. Lockwood, supra; Dout v. Brooklyn Heights R. R. Co., 84 App. Div. 618, 82 N. Y. Supp. 996), and I have failed to discover any authority, other than the opinion of certain text-book writers, which does.

In the case at bar defendant's situation demanded that his appeal be taken during the operation of the stay. Instead of relying upon the prohibition of section 779, as he might have done, he followed the

appeal with the precautionary measure of a judge's order, thereby giving plaintiff full notice that it was not intended to in any manner disturb the existing status, except in so far as same might be affected by the appeal itself. To hold that by such appeal defendant waived all his rights under the stay, whether involved with the appeal or otherwise, would seem not in accord with the intent of the Code or the ordinary principles of law. The general doctrine of implied waiver is based on the necessities of a given situation and is simply a presumption that by one's acts the relinquishment of existing known rights inconsistent therewith is intended. Further than this it does not go, and under its mantle one laboring under the disability of a statutory stay, while entitled to defend himself against attack, would not appear to be privileged to extend that license beyond the requirements of his defense.

[2] In the lack of authoritative precedent on the subject and the consequent uncertainty of practice, plaintiff might, however, very well have assumed that it was justified in treating the appeal as a waiver of all restraint under section 779 upon his further proceedings in the case. Such view, however, ought not to have been taken of the enjoining order with which it had been served. This order was granted after the notice of appeal and undertaking had been filed with the clerk and was served upon plaintiff's attorney four days before the costs were retaxed by him. The justice granting the order was accessible and could readily have been reached had it been desired to vacate or modify it. Instead of doing this counsel proceeded to retax in accordance with his expressed intention upon the theory that the notice of appeal served upon him the day before the costs were retaxed and three days after he received the restraining order freed him from obeying its direction. Both the command of, and the reason for, the order should have been understood by him and full opportunity to preserve his rights by suitable application have been afforded. Whatever its effect may have been upon the stay existing under section 779, the appeal did not operate, under such circumstances, to abrogate the restraint of the order or relieve plaintiff from the necessity of adopting the usual and orderly practice for its modification, if oppressive.

In so far as it is sought to vacate the taxation of costs had upon May 6th, the motion is denied. The retaxation of costs and all other proceedings taken by plaintiff in this action after May 15, 1913, except those had in relation to the appeal and undertaking, are vacated and set aside, with costs of this motion.

Ordered accordingly.