## WEBER v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term, First Department. April 14, 1916.)

1. COSTS ⚖➡277(8)—NONPAYMENT—WAIVER.

Under Code Civ. Proc. § 779, declaring that, where costs of a motion or any other sum of money directed by an order to be paid are not paid within the time fixed, or, if no time is fixed, within 10 days after service of a copy of the order, execution may issue against the property of the person required to pay the same, and all proceedings on the part of the party directed to pay such costs, except to review or vacate the order, are stayed until payment, but the adverse party may at his election waive the stay of proceedings, the stay of proceedings for nonpayment by plaintiff of costs awarded on an order of the Appellate Term reversing an order of the City Court merely makes subsequent proceedings irregular, and not void, and so, where defendant moved to resettle the case, pursuant to the order of the Appellate Term, and moved to resettle the order resettling the case, and appealed from both orders, any irregularity in the proceeding notwithstanding plaintiff's nonpayment of costs was waived, though service by plaintiff of the order entered on defendant's motion was a progressive step taken by plaintiff.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1057, 1060; Dec. Dig. ⚖➡277(8).]

2. COURTS ⚖➡190(2)—CITY COURT—REVIEW—DECISIONS REVIEWABLE.

An appeal will lie from an order of the City Court denying defendant's motion to resettle an order resettling the case as directed by the Appellate Term.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⚖➡190(2).]

Appeal from City Court of New York, Special Term.

Action by John F. Weber against the Interborough Rapid Transit Company. Plaintiff moved to dismiss defendant's appeal from an order of the City Court, dated November 15, 1915, resettling the case, also defendant's appeal from order of that court, dated January 11th,

⚖➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

denying defendant's motion to resettle the order of November 15th. Motion to dismiss appeal from order of November 15th resettling the case granted, and appeal dismissed; motion to dismiss appeal from order denying motion to resettle order of November 15th denied.

See, also, 152 N. Y. Supp. 197.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

James L. Quackenbush, of New York City (B. H. Ames and Frederick Allis, both of New York City, of counsel), for appellant.

Michael V. Rosenberg, of New York City (Bernard Gordon, of New York City, of counsel), for respondent.

PER CURIAM. Upon appeal by defendant an order was made at the March, 1915, term of this court reversing an order of the City Court, with $10 costs and disbursements to the appellant, and directing resettlement of the case on appeal herein in accordance with the opinion of this court.

[1] A motion for resettlement of the case pursuant to the directions contained in the decision of the Appellate Term was brought on by the defendant in the court below March 30, 1915, and referred to the trial justice, who announced his decision thereon May 19, 1915. On or about November 10, 1915, defendant submitted a proposed order for entry on the motion, and served a copy of such proposed order on the plaintiff's attorney, and the latter submitted a form of order resettling the case, which was signed by the court and entered November 15th. A copy of this order, with notice of entry, was served, by plaintiff's attorney on the defendant's attorney December 3, 1915. Defendant's notice of appeal from the order of November 15th was not served until January 18, 1916, several days after the time limited by statute, and on the day following the service the notice was returned to the defendant's attorney. Plaintiff, however, failed to pay the costs of the defendant's appeal to this court, and as, for that reason, all proceedings on his part were stayed (Code, § 779), defendant contends that the service by plaintiff's attorney of the order resettling the case was a nullity, and that therefore the notice of appeal was served in due time.

It is undisputed that because of the nonpayment of the costs awarded by the Appellate Term all plaintiff's proceedings were stayed. The stay, however, did not render any subsequent proceedings taken by the plaintiff void, but merely made them irregular (Wessels v. Boettcher, 142 N. Y. 212, 36 N. E. 883), and within the express terms of the Code provision the defendant at its election could waive the irregularity. The motion to resettle the case was a proceeding brought on by the defendant, not by the plaintiff. No objection to the service by plaintiff of the order entered on defendant's motion resettling the case was made by defendant's attorney; on the contrary, the order was not only received and retained on December 3, 1915, but on December 21st defendant moved to resettle that order, and on the denial of this last motion, and the entry of the order thereupon January 11, 1916, defendant's attorney on January 18, 1916, appealed from the

order of January 11th, and also served the notice of appeal from the order of November 15th.

It is apparent, therefore, even assuming that the service by plaintiff of the order entered on defendant's motion was a progressive step taken by plaintiff in the action (see Allen v. Becket [Sup.] 84 N. Y. Supp. 1011), that the irregularity constituted by such service was waived by the subsequent proceedings of the defendant based upon the entry and service of that order upon its attorney (Allen v. Becket [Sup.] 85 N. Y. Supp. 192; Reeder v. Lockwood, 30 Misc. Rep. 531, 62 N. Y. Supp. 713). It follows that the motion to dismiss defendant's appeal from the order of the City Court dated November 15, 1915, resettling the case on appeal herein, must be granted.

[2] With regard to that portion of plaintiff's motion which asks for the dismissal of defendant's appeal from the order of the City Court entered January 11, 1916, denying defendant's motion to resettle the order of November 15th, that part of the motion must be denied, for the reason that such order is appealable, and it appears that the notice of appeal therefrom was served in due time.

Motion to dismiss appeal from order of November 15, 1915, resettling case, granted, and appeal dismissed with $10 costs; motion to dismiss appeal from order denying motion to resettle order of November 15, 1915, denied.