Donohue, J.
Held that the non-payment of costs stayed proceedings and denied the motion.
II. Motion for leave to prosecute as a poor person.
Plaintiff thereupon made a motion for leave to the plaintiff to continue to prosecute the action as a poor person, and that the costs theretofore awarded against plaintiff in the cause, be either cancelled from the record, or remain on the record, and the payment thereof abide the event.
Ferdinand S. Hahn, for plaintiff, in support of the motion, cited sections 458 to 467 of the Code of Civil Procedure, which provide for parties prosecuting and defending as poor persons, and argued that these humane and liberal provisions of the new law were now extended to cases like the one in suit, where a poor person is required to prosecute for her right to property unjustly withheld from her.
George F. and J. C. Julius Langbein, in opposition, argued that section 779 of the new code relating to the non-payment of costs had already received judicial interpretation, and cited Thaule v. Frost, 1 Abb. New Cas. 298; Hazard v. Wilson, 3 Id. 50, and the previous decision in this case, wherein it was held that non-payment of costs, ipso facto, stays all proceedings. They also referred to Mr. Throop’s note to section 779. They further argued that the sections of the new Code relating to poor persons did not apply to this case ; that no provision was made by these sections to enable a party against whom costs are already awarded to enable her to avoid the payment of these costs, or to proceed in her action without paying the *15 same. Section 461 reads that a person shall not be prevented from prosecuting an action, “by reason of Ms being liable for the costs of a former action, brought by him against the same defendant,” and therefore no provision was made by the new law, differing from the revised statutes for the non-payment of costs in the action, viz., in the present action.
Brady, J.
I think the provisions of the revised statutes * do not exempt the party from the payment of costs which accrue prior to leave granted to prosecute in forma pauperis. If the party proceed without obtaining such leave, the subsequent application does not relate back. The proceeding by appeal is not a cause of action within these provisions, and is not embraced in the liberty contemplated. The preliminary objection is therefore sustained.
Motion denied with costs.

 The provisions of the Code of Civil Procedure, §§ 458-461, are to similar effect.