# City Court.

*Special Term—October,* 1886.

## WILSON *against* TRAENDLEY.

In an action against a commission merchant to recover the proceeds of sales of consigned goods, the plaintiff ought to give the items of the goods consigned and the defendant his account of sales.

McADAM, Ch. J.—The action is against the defendant to recover the proceeds of goods consigned to be sold on commission. In this, as in other cases of the kind, the plaintiff (as nearly as he can) ought to give the items of the goods consigned, and the defendant (as nearly as he can) ought to furnish his account of the sales made.

To this extent, the application for a bill of particulars will be granted (see Miller *v.* Kent, 60 *How. Pr.* 388; 93 *N. Y.* 467). No costs.

# City Court.

*Special Term—October,* 1886.

## RANDELL *against* De ABRISQUESTA.

The non-payment of motion costs only stays an aggressive but not a defensive act by the party owing them.

McADAM, Ch. J.—The defendant served his answer in time, but it was returned by the plaintiff, on the ground that, because the defendant owed $10 motion costs, his proceedings were stayed, and that he could not make his

defense until the costs were first paid (*Code*, § 779; 3 *Abb. N. C.* 50; 4 *Id.* 13; 54 *How. Pr.* 23).

This is a mistaken notion of the rule. The provision of the Code (§ 779) "was intended to prevent an onward movement in an action by a party who owed costs of a motion" (26 *Hun*, 520), but was not intended to prevent a party moved against from asserting his natural and legal right of self-defense. In Lyons *v.* Murat (54 *How. Pr.* 23), the plaintiff, who owed motion costs to the defendant, was held stayed, until payment, from serving a reply to a counter-claim pleaded by the defendant. But the plaintiff was the aggressor in that case. He was the moving party, and his action was in the nature of an onward movement against the defendant, and the court stayed his further prosecution of the action until costs due had first been paid. That case extends the rule as far as it can be carried. It does not reach the question in the form in which it is now presented.

It follows that the motion for judgment as by default for want of an answer must be denied.

---

## City Court.

*Trial Term—March,* 1886.

### LOBENTHAL *against* KELLER.

Neither an action nor a counter-claim can be maintained at law by one partner against another growing out of an unsettled partnership relation. The remedy is in equity.

McADAM, Ch. J.—The defendant's claim for contribution is valid to the extent of $150 and interest, making together $168; but it is not the proper subject of counter-claim, because it grows out of an unsettled partnership