FLORIDA KENNERLY, Respondent, v. WILLIAM SOMERVILLE, Appellant.

St. Louis Court of Appeals, December 22, 1896.

1. **Sale, or Exchange**: PLEADING: EVIDENCE: VARIANCE.   In a suit for alleged services "in procuring a purchaser for defendant's property" where the petition alleged that plaintiff was employed "to procure for defendant a purchaser for the same," and defendant claimed there was a fatal variance between the petition and the evidence in that the petition alleged that defendant employed plaintiff to *sell* defendant's property, and that plaintiff found a buyer to whom defendant did *sell* it, while the proof established only an *exchange* of properties; and the evidence was that defendant executed a deed to the property for the recited consideration of $20,000, and in explanation of the transaction testified that the real consideration received by him was $1,000 in cash, some notes, and other property,—*Held:* That the transaction was not in a strict or technical sense a *mere exchange* of properties; in so far as the money and notes were concerned it partook of the character of a *sale*.   But whether it was a sale or exchange was immaterial,—it amounted "to procuring a purchaser for defendant's property," for which services the suit was brought.

2. ———: INSTRUCTIONS: EVIDENCE.   Where instructions for plaintiff were in accord with the pleadings in the case, and the facts put were amply sustained by the evidence, and the instructions were not open to the objection of singling out particular evidence, nor told the jury that they should be bound by the usual commissions paid real estate agents, they were not misleading or erroneous.

3. ———: ———: ———.   Instructions for plaintiff which did not indicate the amount upon which the commissions should be calculated were not prejudicial, where the evidence showed that opinions given as to the rates received by real estate agents were predicated upon the amount for which the sale or exchange might be made, and the court, in its instruction for defendant, told the jury they were not bound in their estimate of the value of the property by the recital in defendant's deed, but might determine from all the evidence the actual value received by defendant.

4. ———: EVIDENCE: VERDICT. Where a cause has been twice tried, and a larger verdict was rendered on the first trial, and there is substantial evidence in the record warranting a finding for the sum awarded on the second trial, and nothing to indicate that the jury has been influenced by passion or prejudice, the verdict will not be disturbed.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Lubke & Muench* for appellant.

There was a fatal variance between the petition and the evidence. The case alleged was that defendant employed plaintiff to sell defendant's property, and that plaintiff found a buyer to whom defendant did sell it. The proof wholly failed to show a sale, but established an exchange of properties. *Martin v. Ashland Mill Co.*, 49 Mo. App. 23, and citations; Benj. on Sales [4 Am. Ed.], secs. 2, 85, pp. 2, 109; 2 Bouv. Law Dic. 493; *O'Brien v. Loomis*, 43 Mo. App. 29; *Wright v. Fonda*, 44 *Id.* 634; *Whipple v. Building Ass'n*, 55 *Id.* 554; *Jackquin v. Cable Co.*, 57 *Id.* 320; *Bremen Bank v. Umrath*, 42 *Id.* 525; *Ringer v. Holtzclaw*, 112 Mo. 519; *Summer v. Rogers*, 90 *Id.* 324; *O'Brien v. Steel Co.*, 100 *Id.* 182.

The first instruction given for plaintiff was erroneous and misleading. It is reversible error to give instructions which single out particular facts. *Jones v. Jones*, 57 Mo. 138; *State v. Jackson*, 105 *Id.* 196; *Couch v. Gentry*, 113 *Id.* 248; *R'y v. Stock Yards*, 120 *Id.* 542; *Steinwender v. Creath*, 44 Mo. App. 356; *Noyes v. Cunningham*, 51 *Id.* 194; *Bank v. Commission Co.*, 61 *Id.* 149; *Chany v. Ins. Co.*, 62 *Id.* 45; *Halderman v. Stillington*, 63 *Id.* 213; *Bowlin v. Creel, Id.* 229.

It is also reversible error to give instructions which assume disputed facts. *Gay v. Telkemeyer*, 64 Mo.

App. 112; *Matthews v. R. R.*, 63 *Id.* 569; *Harrison v. White*, 56 *Id.* 177; *Meriwether v. Cable R'y*, 45 *Id.* 528; *Dulaney v. Sugar Refining Co.*, 42 *Id.* 659; *Lamb v. Bush*, 49 *Id.* 337.

The court erred in overruling defendant's motion for new trial.   Under all the evidence, the verdict was excessive, and indicated passion and prejudice on the part of the jurors.   *Gurley v. R. R.*, 104 Mo. 233, 234; *Whitsett v. Ransom*, 79 *Id.* 259; *Garrett v. Greenwell*, 92 *Id.* 120.

*W. P. Larew* for respondent.

The objection to the first instruction is that "it singled out particular evidence and gave it prominence," but plaintiff insists that this is not true. When this case was first here, the court held that it was proper to hear proof of the reasonable value of plaintiff's services. 64 Mo. App. 75, citing *Chapman v. Currie*, 51 *Id.* 42, where it was held that similar proof under a similar petition did not constitute a fatal variance, and further that the jury might have been told that it was proper in making up their verdicts to consider the custom among real estate agents and brokers as to commissions to be charged for finding a purchaser for property similar to the property in this case to be paid for in other property.

BOND, J.—Plaintiff sues for services alleged to have been rendered "in procuring a purchaser for defendant's property."   This is the second appeal in the case, plaintiff having twice recovered judgment in the trial court.   On the former appeal (64 Mo. App. 75), the case was remanded for error in the instruction given on behalf of the plaintiff, wherein the jury were told that if they found for plaintiff they should allow her the usual commission charged by real estate agents.

The evidence on the second trial was substantially the same as that adduced on the former trial. The plaintiff having recovered a judgment for $750, defendant appealed.

It is claimed by defendant that there is a fatal variance between the cause of action alleged and that shown by the evidence given on the

SALE, or exchange: pleading: evidence: variance.

trial, in this, that the petition is for services rendered in selling defendant's property, whereas the proof shows that the transaction which was had was an exchange of property. This point can not be sustained. The language of the petition is not as assumed by defendant, that plaintiff was employed to *sell* defendant's property, but that plaintiff was employed "to procure for defendant a purchaser for same." The evidence shows that defendant executed a deed for said property for the recited consideration of $20,000. Defendant in explanation of the transaction states that the real consideration received by him was the equivalent of $1,000 in cash, some notes, and some property. The transaction was not, therefore, in a strict or technical sense a mere exchange of properties. In so far as money and notes were concerned it partook of the character of a sale, but whichever it was, sale or exchange, it amounted to procuring a purchaser for defendant's property, and it was for services in that respect that the present action was brought. Moreover, there is no substantial distinction between a sale and an exchange. In both cases the title is absolutely transferred and the same rules of law govern each. *Martin v. Ashland Mill Co.*, 49 Mo. App. *loc. cit.* 29, *et citations*.

The next complaint is of the two instructions given by the court at plaintiff's request. The instructions are to wit:

VOL. 68 app—15.

"If, under the evidence and the other instructions, the jury shall find in favor of plaintiff, they may, in assessing her damages, take into consideration the evidence in this cause, if any there be, which may tend to show the usual commissions or compensation allowed or paid to real estate agents or brokers, for finding a purchaser for property similar to that in plaintiff's petition mentioned, or for an exchange of such property for other property."

"If the jury believe from the evidence that prior to the second day of November, 1893, plaintiff was asked by defendant, William Somerville, to undertake to find a purchaser for defendant's farm in St. Louis county, Missouri, in plaintiff's petition herein mentioned, and that said defendant agreed to pay her for procuring such purchaser, and if they further believe from the evidence that while thus acting for the said defendant, the plaintiff disclosed to him the name of the party who subsequently purchased or exchanged other property for said farm, as a possible purchaser, and as one to whom she had spoken, and to whose attention she had brought the fact that said farm was for sale, and that through such disclosure, negotiations were begun by said subsequent purchaser with said defendant, which resulted in such purchase or exchange, the plaintiff is entitled to compensation, even though such sale or exchange was effected by defendant and said purchaser without further help or aid of plaintiff, or even without her knowledge, and the jury will find for her, and they will assess her damages at such sum as they may believe from the evidence the services of the plaintiff in the premises were reasonably worth, not exceeding the amount sued for, to wit, the sum of $1,500."

These instructions were in accord with the pleadings in this case. The facts posited were amply sus-

INSTRUCTIONS: evidence. tained by the evidence,. and the law applicable to them correctly stated. They are not open to the objection of singling out particular evidence, nor did they tell the jury that the usual commissions paid real estate agents should bind them in the assessment of damages. There was no possible way the jury could have been' misled as to the light in which they should regard testimony tending to show what was usually paid real estate agents for securing purchasers of property, for the defendant offered, and the court gave, the following instruction:

"The court also instructs the jury that defendant is not bound by any custom as to their charges, which real estate agents may have established, and that the evidence tending to show such a custom was admitted by the court only as advisory to the jury, and to be considered by them along with the other evidence in the case."

As to the point made by defendant that the instructions for plaintiff did not indicate the amount upon which the commissions should be calculated, it is INSTRUCTIONS: evidence. enough to say that such omission could not have been prejudicial, for all the evidence shows the opinions given as to the rates received by real estate agents were predicated upon the amount for which the sale or exchange might be made. Besides the court in its instruction given for defendant told the jury that they were not bound in their estimate of the value of defendant's property by the recital in his deed of $20,000 but might determine the *actual value* received by defendant from all the evidence.

The last point made by defendant is that.the verdict is excessive. This cause has been twice tried; a

EVIDENCE: ver-
dict.

slightly larger verdict was found on the former trial; there is substantial evidence in the record warranting a finding for the sum awarded on the last trial; there is nothing in the entire record which indicates that the jury were influenced by passion or prejudice. The judgment rendered in accordance with their verdict will therefore be affirmed. All concur.