PORTER et al. v. HELLINGSWORTH.

(Supreme Court, Appellate Term. February 23, 1900.)

1. REAL-ESTATE BROKER—COMPENSATION.
    Where the principals to a contract for the exchange of equities in real estate, purposely and by agreement, in the contract state the value of the property to be exchanged by them in excess of its real value, a broker who effected the transfer for one of the parties can recover a commission therefor based on a percentage of the real value, only, and not the value expressed in the contract.

2. APPEAL—FINDINGS OF FACT.
    The supreme court will not, on appeal, disturb a finding of fact made by the trial court on conflicting evidence.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Charles F. Porter and another against William S. Hellingsworth to recover a commission for sale of real estate. From a judgment in favor of defendant, plaintiffs appeal. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Paul R. Towne, for appellants.
Vernon M. Davis, for respondent.

O'GORMAN, J. The plaintiff, a real-estate broker, sued to recover $200 commissions on the sale of defendant's property, and $16.90 expended in advertising the same. The transaction in question was an exchange of equity for equity; the contract of the principals providing that, for the purposes of their agreement, the value of the property in question was fixed at $20,000. It satisfactorily appears, however, from the evidence, that the values mentioned in the contract were purposely inflated by both sides, and that the real value of the defendant's property did not exceed $16,000; that it was so regarded by the purchaser; and that the equity in the property received by the defendant did not exceed the equity in the property sold. It is stipulated in the record that a broker's commission is 1 per cent. of the amount actually received by the vendor, and, under the circumstances disclosed by the record, the plaintiff was not entitled to more than $160, which amount was tendered to him before suit, and thereafter paid into court. Plaintiff's testimony touching the expenditure for advertising is contradicted by the defendant, and, as the court below accepted the defendant's version of the transaction, we see no reason for interfering with its conclusion.

There is no merit in this appeal, and the judgment must be affirmed, with costs. All concur.