(75 App. Div. 239.)

### HEWETT v. COOK.

(Supreme Court, Appellate Division, Third Department. September 3, 1902.)

1. MOTION—COSTS—HOW COLLECTED.

Plaintiff's application to postpone trial was granted on condition simply that he pay defendant the costs of the term. At the next term, after both parties had noticed the case for trial, defendant, such costs not having been paid, obtained an order that plaintiff pay them within a certain time, his complaint to be dismissed in default thereof. *Held* error, not being consonant with Code Civ. Proc. § 779, providing how motion costs shall be collected.

Fursman, J., dissenting.

Appeal from special term, Broome county.

Action by Harry A. Hewett against Philo B. Cook. From a judgment for defendant, plaintiff appeals. Reversed.

The action is brought for an accounting between partners. The answer denies the partnership. The issue was upon the calendar for the trial term of the supreme court held in Broome county commencing September 16, 1901, and when regularly reached upon the call of the calendar plaintiff made an application for a postponement of the trial, and the trial was postponed by the court upon condition that the plaintiff pay to the defendant the costs of the term. No formal order was entered, but the costs were subsequently taxed at $10. The costs were not paid, and on December 23, 1901, both plaintiff and defendant noticed the case for trial at the Broome trial term to convene January 6, 1902, which notices were accepted. The defendant thereupon served upon the plaintiff an affidavit stating the above facts, and a notice of motion for the Broome special term for an order dismissing plaintiff's complaint with costs. The order of January 6, 1902, described in the notice of appeal, was at said special term granted, and subsequently the further order described in the notice of appeal and the judgment appealed from were entered.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

T. B. & L. M. Merchent, for appellant.
Hitchcock & Seymour, for respondent.

CHASE, J. When a party to an action asks a favor, the court, as a condition of granting the favor, may impose any reasonable terms. The terms being known, the party asking the favor may refuse to accept the favor on the terms imposed, or he may accept the favor, in which case he is bound to comply with the conditions. Costs of a term, imposed as a condition of the postponement of a trial, are payable immediately. If the costs are not paid immediately, the party desiring to proceed with the trial may do so at once. When a party not only asks to have the trial of the action postponed, but also asks for time to pay the costs imposed as a condition of the postponement, it is not uncommon practice to grant such further favor on condition that, if the costs are not paid within the time specified, the complaint shall be dismissed, or the answer stricken out, as the case may be, on proof of the default. In this case the plaintiff did not ask for time in which to pay the costs imposed upon him, and the defendant did not insist upon the costs being paid immediately, as he could have done if he had desired. No condition relating to the future payment of the costs was imposed by the court, or accepted by the plaintiff. Whether the plaintiff would have accepted a further condition relating to the nonpayment of costs does not appear. Section 779 of the Code of Civil Procedure provides how motion costs shall be collected. The orders on which the judgment herein is based were made, not as a condition for a favor asked by the plaintiff, but they were made months after the trial term at which the trial was postponed, and after both parties had again noticed the case for trial. They constitute an unusual and unauthorized way of collecting motion costs.

Orders reversed, with $10 costs and disbursements, and motions denied, with $10 costs, and the judgment set aside and vacated. All concur, except FURSMAN, J., dissenting.