BURR MATTICE, Respondent, *v.* CHARLES F. SHELLAND, as Trustee
and Individually, Respondent, Impleaded with ROSEPHE WILSON,
Appellant, and Others, Defendants.

*Non-payment of motion costs — stay resulting therefrom — waived by a notice of
trial.*

Section 779 of the Code of Civil Procedure, which provides that, where motion
costs are not paid, all proceedings are stayed without further direction of the
court, is not intended to prevent a party stayed thereunder from asserting his
natural legal right of self-defense, but to prevent him from making an onward
movement in the action.

The service by a plaintiff of a notice of trial, while the proceedings of the defend-
ant are stayed by virtue of the provisions of section 779 of the Code of Civil
Procedure, operates to waive the stay, at least to the extent of allowing the
defendant to take part in the trial.

APPEAL by the defendant, Rosephe Wilson, from an order of the
Supreme Court, made at the Otsego Special Term and entered in
the office of the clerk of the county of Otsego on the 3d day of June,
1902, directing that all proceedings on the part of said defendant
be stayed until the payment of twenty dollars costs of a former
motion and ten dollars costs of the motion upon which the order
was made, and that the answer of said defendant be stricken out
in the event of such motion costs not being paid within three days,
and also from an order made at the Otsego Special Term and
entered in said clerk's office on the 10th day of June, 1902, staying
all proceedings in the action on the part of said defendant, and
striking out her answer in the action.

*A. R. Gibbs* and *Thomas H. Hagerty*, for the appellant.

*Douglas W. Miller* and *S. L. Huntington*, for the respondents.

CHASE, J.:

This action is brought to foreclose a mortgage owned by the
plaintiff on certain real property described in the complaint, and
also to foreclose several other mortgages on the same property
owned by parties defendant. Two answers were interposed, one
by defendant Lucella Lewis, and one by said defendant Rosephe
Wilson, each claiming a dower interest in the mortgaged property,

or some part thereof, antedating said mortgages. Said answering defendants made a motion for the appointment of a receiver of the mortgaged property.

On the 3d day of March, 1902, said motion was denied, and an order was entered denying the motion, with ten dollars costs to the plaintiff and ten dollars costs to the defendant Charles F. Shelland, trustee.

Said Lucella Lewis has since died, and her alleged dower interest is extinguished. On the 16th day of May, 1902, plaintiff's attorney duly served a notice of trial on the attorney for said defendant Wilson, which notice of trial stated that the matters at issue would be moved for trial at the Trial and Special Term to be held on the 2d day of June, 1902. Thereafter the attorney for said defendant Wilson duly served notice of trial on plaintiff's attorney, but the same was returned with a notice stating that all proceedings on the part of said defendant Wilson were stayed.

At said Trial and Special Term the orders appealed from were made. It does not appear what other or further proceedings, if any, were had or attempted.

Section 779 of the Code of Civil Procedure provides that, where motion costs are not paid, all proceedings are stayed without further direction of the court. The stay may be waived. The section is not intended to prevent a party moved against from asserting his natural legal right of self-defense (*Randell* v. *Abrisqueta*, 20 Abb. N. C. 292), but prevents an onward movement in the action. (*Bigler* v. *Nat. Bank of Newburgh*, 26 Hun, 520.)

Plaintiff, by noticing the case for trial, at least waived the stay to the extent of allowing the defendant to take part in the trial. (*Eisenlord* v. *Clum*, 52 Hun, 461; *Verplanck* v. *Kendall*, 47 N. Y. Super. Ct. 513.)

It is unnecessary on this appeal to determine whether plaintiff's serving a notice of trial wholly waived the statutory stay or, if the stay was only partially waived thereby, to define the extent of the waiver or to state whether it included the right to serve a counter notice of trial.

The orders appealed from, staying all proceedings on the part of the defendant Wilson, were too broad.

The record does not disclose a case where the court should have

stricken out the defendant's answer. (*Hewett* v. *Cook*, 75 App. Div. 239.)

The order should be reversed, with ten dollars costs and disbursements.

All concurred; SMITH, J., in result.

Order reversed, with ten dollars costs and disbursements.