MATTICE v. SHELLAND et al.

(Supreme Court, Appellate Division, Third Department. November 12, 1902.)

1. MOTIONS—COSTS—NONPAYMENT—STAY.

Though Code Civ. Proc. § 779, provides that, where motion costs are not paid, all proceedings are stayed without further direction of the court, plaintiff, by noticing a cause for trial after defendant's motion for receiver was denied, with costs, which were not paid, waived the stay, at least to the extent of allowing defendant to take part in the trial.

Appeal from special term, Otsego county.

Proceedings by Burr Mattice against Charles F. Shelland and Rosephe Wilson. From orders staying all proceedings in the action on the part of defendant Rosephe Wilson, and striking her answer, she appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Thomas H. Hagerty and A. R. Gibbs, for appellant.

S. L. Huntington and Douglas W. Miller, for respondents.

CHASE, J. This action is brought to foreclose a mortgage owned by the plaintiff on certain real property described in the complaint, and also to foreclose several other mortgages on the same property owned by parties defendant. Two answers were interposed, one by defendant Lucella Lewis, and one by said defendant Rosephe Wilson, each claiming a dower interest in the mortgaged property, or some part thereof, antedating said mortgages. Said answering defendants made a motion for the appointment of a receiver of the mortgaged property. On the 3d day of March, 1902, said motion was denied, and an order was entered denying the motion, with $10 costs to the plaintiff, and $10 costs to the defendant Charles F. Shelland, trustee. Said Lucella

Lewis has since died, and her alleged dower interest is extinguished. On the 16th day of May, 1902, plaintiff's attorney duly served a notice of trial on the attorney for said defendant Wilson, which notice of trial stated that the matters at issue would be moved for trial at the trial and special term to be held on the 2d day of June, 1902. Thereafter the attorney for said defendant Wilson duly served notice of trial on plaintiff's attorney, but the same was returned with a notice stating that all proceedings on the part of said defendant Wilson were stayed. At said trial and special term the orders appealed from were made. It does not appear what other or further proceedings, if any, were had or attempted.

Section 779 of the Code of Civil Procedure provides that where motion costs are not paid all proceedings are stayed without further direction of the court. The stay may be waived. The section is not intended to prevent a party moved against from asserting his natural legal right of self-defense (Randell v. Abrisqueta, 20 Abb. N. C. 292), but prevents an onward movement in the action (Bigler v. Bank, 26 Hun, 520). Plaintiff, by noticing the case for trial, at least waived the stay to the extent of allowing the defendant to take part in the trial. Eisenlord v. Clum, 52 Hun, 461, 5 N. Y. Supp. 512; Verplanck v. Kendall, 47 N. Y. Super. Ct. 513.

It is unnecessary on this appeal to determine whether plaintiff's serving a notice of trial wholly waived the statutory stay, or, if the stay was only partially waived thereby, to define the extent of the waiver, or to state whether it included the right to serve a counter notice of trial. The orders appealed from, staying all proceedings on the part of the defendant Wilson, were too broad.

The record does not disclose a case where the court should have stricken out the defendant's answer. Hewett v. Cook, 78 App. Div. 239, 78 N. Y. Supp. 2.

The orders should be reversed, with $10 costs and disbursements. All concur; SMITH, J., in result.