(50 Misc. Rep. 618)

## GOLDBERG v. WOOD.

### (Supreme Court, Appellate Term.   March 26, 1906.)

1. COSTS—REMEDIES FOR COLLECTION—STAY OF PROCEEDINGS.

Code Civ. Proc. § 779, provides that all proceedings on the part of a party required to pay the costs of a motion are stayed until the payment thereof. Held, that the stay is to prevent a party in default from taking affirmative proceedings, and does not stay a defendant from making his defense.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, §§ 1045, 1046.]

2. JUDGMENT—DEFAULT—OPENING.

Where the trial justice determined that defendant would not be heard unless he paid the costs of a certain motion, and that in default an inquest would be taken, it was not necessary for defendant to appear on the day that the inquest was taken; but his remedy was to permit the inquest and then move to set it aside.

3. SAME—GROUNDS FOR DEFAULT.

An inquest because of defendant's failure to pay the costs of a motion could not be justified by the absence of an affidavit of merits, where the answer was verified.

Appeal from City Court of New York, Special Term.

Action by Henry Goldberg against Fernando Wood.   From an order denying a motion to set aside an inquest, defendant appeals.   Reversed.
See 90 N. Y. Supp. 427.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Joseph A. Flannery, for appellant.
Maurice J. Katz, for respondent.

PER CURIAM.   In our view the motion to set aside the inquest and the judgment entered thereon should have been granted.   The stay of proceedings arising from the failure to pay costs provided for by section 779, Code Civ. Proc., is intended to prevent the party in default from taking any affirmative proceeding in the action, but was not intended and may not be used to prevent him from defending himself from attack.   Randell v. Abrisqueta, 20 Abb. N. C. 292.   The defendant, therefore, notwithstanding he was in default, was entitled to defend the action upon the issues raised by his general denial.   It was not necessary for him, in order to preserve his rights, to have appeared on the day that the inquest was taken.   The justice in a carefully considered memorandum decision had determined that defendant would not be heard unless he paid the costs, and that in default of such payment by the following Monday an inquest would be taken.   Under such circumstances it would have been idle to have appeared and at-

tempted to reargue the question, and might have subjected counsel to rebuke. The only way in which the defendant could review the decision of the justice was to permit the inquest to be taken and then move to set it aside. The inquest cannot be justified by the absence of an affidavit of merits, because the answer was verified.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.