## TRACY v. LICHTENSTADTER.

(Supreme Court, Appellate Division, Second Department.    June 8, 1906.)

1. PLEADING—RIGHT TO SERVE AMENDED ANSWER—FAILURE TO PAY MOTION COSTS.

Plaintiff's motion to strike out part of the answer was granted, with permission to defendant to serve an amended answer. An amended answer was prepared within the time required by the order, but because of defendant's inability through sickness to verify the answer it was not served in time, but a stipulation for an extension of time for filing was presented to plaintiff's attorney, who retained it until it was too late to serve the amended answer, and then returned it, with a statement that he would not agree to it except upon condition that the answer should contain no new matter by way of amendment. After the order was made, and before the amended answer was tendered, plaintiff had made a motion and secured an order imposing costs on defendant, which costs had not been

paid at the time defendant tendered an amended answer. Code Civ. Proc. § 779, provides that, on failure to pay motion costs, all proceedings on the part of the party required to pay the same, except to review or vacate the order, are stayed, until the payment thereof. *Held*, that defendant's failure to serve the amended answer in time, being excusable, he was entitled to an order requiring plaintiff to except an answer afterwards tendered; the failure to pay the motion costs not depriving defendant of his right to answer.

2. COSTS—NONPAYMENT—STAY OF PROCEEDINGS—TRIAL AMENDMENT.

Under Code Civ. Proc. § 779, declaring that, in the event of a failure to pay motion costs, all proceedings on the part of the party required to pay the same, except to review or vacate the order, are stayed until the payment thereof, the failure of the defendant to pay motion costs does not deprive him of the right to present his defenses, and to make a trial amendment for the purpose of doing so.

Appeal from Special Term, Kings County.

Action by Joseph S. Tracy against Samuel Lichtenstadter. From an order compelling plaintiff to accept an amended answer, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Richard A. Irving, for appellant.

WOODWARD, J.   The plaintiff brought an action to recover on three negotiable notes made by defendant, indorsed for value to a third person and assigned to plaintiff.   The defendant served an answer, setting up that said notes were accommodation notes, and alleging in the second paragraph of the answer that the notes were not indorsed to said third person, as alleged in the complaint, and that a suit had been begun on these notes against defendant by a person other than plaintiff, and discontinued; describing the action in detail.   Plaintiff moved the court at Special Term to strike out this second paragraph, and an order was entered directing:

"That said defendant, within ten days after service of this order with notice of entry upon his attorney, shall serve upon the plaintiff the said answer herein amended by the omission of the aforesaid matter stricken out as herein ordered, and with such other amendment as he may be advised," etc.

This order was served upon defendant's attorney on the 16th day of October, 1905.   On the 25th day of October an answer was prepared complying with the terms of the order, but, owing to the illness of the defendant, the answer was not verified, and defendant's attorney on the 26th of October submitted a stipulation to plaintiff's attorney for an extension of time in which to answer.   This proposed stipulation was left at the office of the plaintiff's attorney, who retained the same until the 28th day of October, too late to permit the answer to be made within the 10 days provided for in the order, and on the date last above mentioned plaintiff's attorney wrote to defendant's attorney that:

"I do not care to consent to an extension for an unconditional amendment, but would sign a stipulation extending the time to serve an answer amended by striking out the matter I moved to strike out (paragraph third, the second numbered paragraph), provided you will forego your right to appeal from the orders of Judge Maddox, and will pay the costs imposed."

In the meantime the plaintiff had made a motion, the nature of which does not appear, and had secured an order imposing $10 costs upon the defendant, a copy of which was duly served with due notice of entry on the attorney for the defendant on the 25th day of October, 1905, and it was in reference to this order that the plaintiff attempted to stipulate for the payment of the costs, etc., as a condition of receiving an answer which did not comply with the terms provided in the order, and which might seriously prejudice the rights of the defendant. Defendant's attorney sent for his client to verify the answer as soon as he was able to be out, and subsequently offered the amended answer, which was rejected on the 6th day of November, 1905, on the grounds that the defendant was in default in the payment of costs upon the motion above mentioned, and that the time for answering had expired. On the 11th day of November, 1905, this court at Special Term granted an order to show cause, returnable on the 15th day of November, why the plaintiff should not be compelled to receive the "amended answer of the defendant herein as in compliance with the terms of the order of Hon. S. T. Maddox, made and entered in the office of the clerk of this court on the 16th day of October," etc. Upon the return of this order the court granted the motion to compel the plaintiff to accept the amended answer, and appeal comes to this court.

The order appealed from in effect merely extends the time of the defendant to answer, it appearing to the court that there was a sufficient excuse for a failure to comply with the order within the 10 days limited by the original order; and it does not seem to us that the case is within the spirit of section 779 of the Code of Civil Procedure, which provides that, in the event of a failure to pay motion costs, etc., "all proceedings on the part of the party required to pay the same, except to review or vacate the order, are stayed without further direction of the court until the payment thereof." The plaintiff had moved the court to strike out a portion of defendant's answer; that motion had been granted, with permission to the defendant to serve an amended answer, omitting the matters directed to be stricken out, "and with such other amendment as he shall be advised," and the refusal of the plaintiff to accept such an answer, or to extend the time to answer, is, in effect, to defeat the motion granted on its own request. The defendant had answered, and within the broad powers conferred by section 723 of the Code of Civil Procedure it was competent for the court, not only to strike out the matters requested by the plaintiff, but to permit the defendant to readjust his answer to meet the changed condition. The order, in effect, said to the plaintiff, "you may have the matter stricken out, but it is upon condition that the defendant shall be permitted to answer over as fully as he may be advised," and the order here appealed from merely gives effect to the original order, excusing a reasonable delay on the part of the defendant owing to illness. It merely regards as done that which ought to have been done under the original order, and permits the pleadings in the action to be perfected as requested by and acquiesced in by the plaintiff; and the fact that the defendant may not have paid the costs on an order entered on the 25th day of October, ought not to be permitted to interfere with the power of the court to compel obedience to the spirit of its

orders. So far as appears from the record before us, there was no time fixed in the order for the payment of the costs, and, under the provisions of section 779 of the Code of Civil Pocedure, the defendant would not be in default until 10 days after the 25th day of October, or until the 4th day of November; so that all of the time when the defendant was asking for an extension of time from the 26th of October to the 4th day of November there was no reason why the court might not have proceeded to act in behalf of the defendant, and we are persuaded that the fact that the order to show cause was not made until the 11th of November did not deprive the court of the power to give effect to the spirit of its previous order.

The plaintiff, if he attempted to force a trial under the pleadings as they would stand with the matter struck out would undoubtedly be met by a motion at the trial for an amendment, and there would be no justification in denying the defendant this right, under the provisions of section 723 of the Code of Civil Procedure. Indeed, it seems that the plaintiff, in serving a notice of trial, would waive the stay to the extent of permitting the defendant to take part in the trial (Mattice v. Shelland, 76 App. Div. 236, 78 N. Y. Supp. 537), and the right to participate in the trial carries with it the right to any defense which the defendant might properly plead; and especially would this be true where he had been given the right to amend on the plaintiff's own motion to strike out from the defendant's pleadings. As was said in the case last above cited:

"The section [779] is not intended to prevent a party moved against from asserting his natural legal right of self-defense (Randell v. Abrisqueta, 20 Abb. N. C. 292), but prevents an onward movement in the action. (Bigler v. Nat. Bank of Newburgh, 26 Hun, 520)."

The defendant cannot have the aid of the court in any onward movement, but this does not prevent him from fairly presenting any defense which he may have to the action asserted by the plaintiff, and pleadings presenting the issues are necessary to such a defense. If the plaintiff notices the action for trial, he must permit the defendant to avail itself of its defenses. The policy of the law is not to outlaw litigants and subject them to unjust verdicts merely in default of motion costs, and, as the defendant would be entitled to an amendment of his pleadings in accord with his proposed answer, no right of the plaintiff is prejudiced by the order appealed from. He is rather in a better position than he would be to delay such amendment until the time of the trial, and then be compelled to meet the issues that might be presented or delay the trial.

The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.