### BLAIR v. BLAIR.

(Supreme Court, Special Term, Kings County. December, 1913.)

1. ARREST (§ 4*)—RIGHT OF ARREST—TORT ACTION—"PERSONAL INJURY."

An action for a separation on the ground of cruel and inhuman treatment is not an action to recover damages for a personal injury within Code Civ. Proc. § 549, permitting defendant to be arrested in such an action, in view of section 3343, subd. 9, defining a "personal injury" as including libel, assault, battery, etc., or other actionable injury to the person.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 6–15; Dec. Dig. § 4.*

For other definitions, see Words and Phrases, vol. 6, pp. 5340–5344; vol. 8, p. 7753.]

2. DIVORCE (§ 263*)—NONPAYMENT OF COUNSEL FEES—STAYING FURTHER PROCEEDINGS—BODY EXECUTION.

Code Civ. Proc. § 779, staying all proceedings by a party required to pay money by an order of court until payment thereof, except to review

or vacate the order, would not prevent defendant in an action for separation from moving to compel plaintiff to show cause why an order for body execution against defendant should not be vacated, though defendant had not paid the counsel fees awarded plaintiff; defendant's motion being defensive.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 739; Dec. Dig. § 263.*]

Action by Caroline J. Blair against Charles O. Blair. On motion for an order requiring plaintiff to show cause why a body execution against defendant should not be vacated. Motion granted.

Edward Snyder, of Brooklyn, for plaintiff.
Eli J. Blair, of New York City, for defendant.

BENEDICT, J. A judgment of separation was pronounced in this action in favor of the plaintiff, Caroline J. Blair, upon the 16th day of June, 1913, after a trial, and the judgment carried taxable costs in the sum of $108.32. The defendant appealed from the judgment, and the appeal is now pending. Thereafter, on December 4, 1913, the court ordered the defendant to pay the sum of $30 as additional counsel fee to defray the plaintiff's expenses upon said appeal, but said sum has not been paid. On August 13, 1913, the plaintiff issued an execution against the property of the defendant to the sheriff of the county of Kings, where defendant resided, and on August 21, 1913, said execution was returned wholly unsatisfied. On the 12th day of December, 1912, the plaintiff issued an execution against the person of the defendant for the said sum of $108.32; but before it was executed the defendant obtained an order requiring the plaintiff to show cause why said body execution should not be vacated, and his counsel now claims that the said execution against the person of the defendant is not warranted. I think he is right, and for these reasons:

Under section 1487 of the Code, an execution against the person of the judgment debtor can only be issued in two cases: (1) Where the plaintiff's right to arrest the defendant depends upon the nature of the action; and (2) in any other case where an order of arrest has been granted and executed in the action. It is conceded that the second ground does not exist in this case, and it is in my opinion equally clear that the first ground is not applicable. It is true that the judgment for costs can be enforced by execution as required by section 1487, because as required by section 1240 it is a final judgment for a sum of money in favor of one party against the other, and execution against the defendant's property has been duly issued and returned in this action (see Miller v. Miller, 7 Hun, 208); but the nature of the action does not in and of itself confer the right of arrest. It is not within any of the classes of action specified in section 549 of the Code wherein the right to arrest depends upon the nature of the action.

[1] It is claimed on behalf of the plaintiff that an action for separation on the ground of cruel and inhuman treatment—and this is such an action—is one for an injury to the person of the plaintiff so as to bring it within the second subdivision of section 549 of the Code, which confers the right of arrest in an action to recover damages for a

personal injury. But section 3343, subd. 9, defines a "personal injury" as including libel, slander, criminal conversation, seduction, and malicious prosecution; also an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff, or of another. Now, while it may be true that cruel and inhuman treatment sufficient to justify a limited divorce may be predicated upon assault, battery, slander, or perhaps upon other forms of personal injury, yet I hold it to be equally true that the action or separation is not one "to recover damages for a personal injury," and to this extent I cannot subscribe to the contention of the plaintiff which is based upon certain cases cited upon his brief, to wit: Schwartz v. Schwartz, 36 Misc. Rep. 487, 73 N. Y. Supp. 935; Gardiner v. Gardiner, 3 Abb. N. C. 1; McIntosh v. McIntosh, 12 How. Prac. 289; and Jamieson v. Jamieson, 11 Hun, 38. In my opinion these cases do not correctly state the law and I must decline to follow them.

An action for a limited divorce is not brought to recover damages at all. It is brought to obtain a statutory change of status in the marital relation, and in it no damages can be claimed nor recovered. This, of course, does not mean that an order of arrest cannot be issued in a proper case in such an action when the right to arrest depends upon extrinsic facts, under sections 550 and 551 of the Code; but no such order was granted here.

[2] One point remains to be considered. The plaintiff contends that the defendant, having failed to pay the counsel fee awarded by the order of December 4, 1913, is stayed and cannot be permitted to make this motion under section 779 of the Code. But I think this motion is a defensive and not an aggressive one. In construing the extent of the stay prescribed by this section, the late Justice Houghton said, in Thompson v. McLaughlin, 138 App. Div. 711, 714, 123 N. Y. Supp. 762:

"The courts have limited it to some onward movement in the action furthering the interests of the party in default through giving him some affirmative relief therein, and have held that it does not apply to an act of self-defense on his part." Tracy v. Lichtenstadler, 113 App. Div. 754, 99 N. Y. Supp. 331; Mattice v. Shelland, 76 App. Div. 236, 78 N. Y. Supp. 537.

See, also, Goldberg v. Wood, 50 Misc. Rep. 618, 98 N. Y. Supp. 200; Farber v. Flauman, 30 Misc. Rep. 628, 62 N. Y. Supp. 784; Randell v. Abrisqueta, 20 Abb. N. C. 292; Thompson v. Erie R. R. Co., 9 Abb. Prac. (N. S.) 233. It seems to me that this motion, while technically one made by the defendant, yet in reality is only the interposition of a legal objection on his part to an affirmative proceeding by the plaintiff.

Motion granted, without costs, and stay of execution against the person continued.