Argued December 24, 1913, decided January 13, 1914.

## COOK v. GORDON.

(137 Pac. 782.)

**Appeal and Error—Review—Findings by Court.**

1. Where a cause is tried by the court without a jury, the findings of fact have the same force as a verdict, and will not be disturbed unless the evidence was not sufficient, as a matter of law, to support them.

**Brokers—Actions for Compensation—Burden of Proof.**

2. In an action for commissions under a contract giving brokers, in addition to a fixed sum, all sums received over $125 per acre, where the answer denied a sale for $150 an acre alleged by the complaint, the burden was on plaintiffs to show that the sale was for more than $125 an acre.

**Brokers—Compensation—Amount.**

3. In estimating the commission on an exchange of real estate, the actual and not the trade value of the property should be taken as the basis.

**Brokers—Right to Compensation—Exchange of Property.**

4. In determining whether a real estate agent is entitled to compensation, there is no difference between a sale and an exchange.

> [As to what difference there is between an exchange of property and a sale, see note in 94 Am. St. Rep. 227.]

From Multnomah: WILLIAM L. BRADSHAW, Judge.

Department 2. Statement by MR. JUSTICE BEAN.

This is an action by W. J. Cook and E. L. Clark, a copartnership doing business under the firm name and style of Cook & Clark, against J. D. Gordon, to recover a broker's commission. The cause was tried before the court without the intervention of a jury. The court found for plaintiffs and rendered judgment against the defendant for $9,300, from which the latter appeals.

The complaint alleges, in substance, that on September 26, 1911, the defendant employed plaintiffs, as brokers, to sell certain real property in Yamhill County, Oregon, owned by him, and agreed to pay the plaintiffs, as commission, $1,075, and all sums received over and above $125 per acre, the selling price for 329 acres of land; that plaintiffs sold the land on December 14, 1911, for $150 per acre, making a commission, pursuant to the agreement, of $9,300, which is unpaid.

In the defendant's answer the contract of employment was admitted, and the averment made that the plaintiffs were unable to procure a purchaser, and that the agreement had been annulled by mutual consent. It denied that the sale was made for $150 per acre, or that anything was due the plaintiffs; and further pleaded that in November, 1911, plaintiffs endeavored to negotiate a sale of the land to one S. W. Childers and wife, and proposed that defendant accept in part payment certain real property for $17,400, which plaintiffs agreed to purchase at that price in payment of their commission, and to secure the balance by a mortgage of $8,100 on the real property; that on such conditions defendant accepted the proposition and exchanged the properties; and that plaintiffs now refuse to comply with their agreement to purchase the Childers property.

The plaintiff's reply denied the new matter of the answer, and averred that subsequent to September 26, 1911, and prior to the sale, the plaintiffs proposed in writing to take either of the Childers properties mentioned in the answer, but that the defendant failed to accept the proposition.          MODIFIED.

For appellant there was a brief, with oral arguments by *Mr. Earl C. Bronaugh* and *Mr. John M. Gearin.*

For respondent there was a brief, with oral arguments by *Mr. G. G. Schmitt* and *Mr. Cicero M. Idleman.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The law is plain that, where a cause is tried by the court without a jury, the findings of fact have the same force and effect as the verdict of a jury, and will not be disturbed unless. it appears that the evidence upon which they were made was not sufficient, as a matter. of law, to support them: *Good* v. *Smith,* 44 Or. 578 (76 Pac. 354); *Astoria R. Co.* v. *Kern,* 44 Or. 538 (76 Pac. 14); *Smith* v. *Gevurtz,* 67 Or. 25 (135 Pac. 190); *Peaslee* v. *Gordon Falls Elec. & Mfg. Co., ante,* p. 244 (135 Pac. 521).

2. The court found that the original contract had not been annulled. An exchange of defendant's land was made with S. W. Childers about December 14, 1911. It is denied by the answer that the sale was made for $150 per acre. In order to collect the extra commission, the burden of proof is upon the plaintiffs to show that the real property of the defendant was sold for more than $125 per acre, or $41,125.

3. The controversy arises on account of an exchange of the real estate in question for a house and lot in St. Johns estimated at $7,000, and 105 acres of land known as Estacada land. The defendant claims that $6,000 was the price asked by S. W. Childers for

the latter property. It is in regard to this that the contention arises. The plaintiffs' claim is based upon a value of $100 per acre, or $10,500. The defendant asserts that this is a mere fictitious or "padded" value, and that the property at no time was worth more than $6,000. We will consider the testimony of the plaintiffs upon this question. After the plaintiffs had endeavored to make a sale of Gordon's property to Mr. Childers and his associates for cash, and were unable to do so, on November 21, 1911, Messrs. Cook & Clark wrote a letter to the defendant Gordon stating that they would take the Estacada land "that is valued at $6,000" in full for their commission. On December 7, 1911, the plaintiffs wrote defendant Gordon a letter as follows:

"Mr. J. D. Gordon, Newberg, Oregon—

"Dear Sir: Mr. Childers was in to-day and made me the following proposition on your 329 acres: He wants to turn over his 105 acres at Estacada for $100 an acre making $10,500, and a nine-room house on the quarter block at St. Johns for $7,000. He says he will assume the $13,000 mortgage, and give you a mortgage for the balance, which would be $18,850, and put up as security a $12,000 mortgage that he has, providing that you would agree to protect him on the $13,000 for five years from date. * * As far as Clark and my commission or interest is concerned that can be arranged for us to either take the house at St. Johns or the farm at Estacada. * * "

E. L. Clark, one of the plaintiffs, testified to the effect that they wrote Gordon the terms proposed; that Gordon came and looked at the land and said that he would accept the proposition and trade; that the property was sold for $150 per acre; and that Gordon took all the Childers properties and a mortgage back, amounting in the aggregate to $49,350. On cross-examination, he testified: That the first proposition

made by Mr. Childers was that, if he could get plenty of time on it, he would take the land. That Mr. Gordon informed them that he would give Childers all the time he wanted. That the latter then came back with the proposition to turn in the Estacada property for which at that time he wanted $6,000. That afterward Childers said: "My property is worth as much as the hill land [Gordon's]. I am going to raise my price on my property. I won't take less than $10,500, $100 an acre." That Mr. Gordon came in to see them and that they told him they would take the Estacada land for their commission. Mr. W. J. Cook, also one of the plaintiffs, testified, in regard to the negotiations, that, when the proposition made by Mr. Childers was submitted to Gordon, the latter came in and said that he would trade.

Nowhere in the evidence of the plaintiffs does it appear that the defendant ever agreed to accept the Estacada property at $100 per acre, but only that he would exchange. The testimony of the plaintiffs fails to show that Gordon ever agreed to take any less than $125 an acre for his land. After the trade was consummated and the deeds were executed, in order to give the purchaser Mr. Childers ten days' time in which to obtain the $12,000 collateral security, Gordon and wife and Childers and wife executed a memorandum agreeing to place the deeds and mortgages in escrow with W. J. Cook to be held during that time. In this agreement the consideration for the Estacada and St. Johns properties was mentioned at $17,500. The trial court based its findings upon the trade value recited in the memorandum. This, we think, was an error.

In estimating the commission upon an exchange of real estate, the actual and not the trade value of the property should be taken as the basis: 19 Cyc. 237;

68 Or.—36

*Boyd* v. *Watson,* 101 Iowa, 214 (70 N. W. 120); *Porter* v. *Hellingsworth,* 30 Misc. Rep. 628 (62 N. Y. Supp. 796). See, also, *Calland* v. *Trapet,* 70 Ill. App. 228. We think this is a reasonable rule. It is plain from plaintiffs' evidence, as well as from the whole record, that the increase in price of the Estacada land was made solely for the purpose of partly offsetting the increase in the price of the Gordon land from $125 to $150 made by the plaintiffs: See *Porter* v. *Hellingsworth,* 30 Misc. Rep. 628 (62 N. Y. Supp. 796). According to plaintiffs' claim, the result of this would be simply to swell the commission of plaintiffs and reduce defendant's price below $125 per acre. In the exchange, according to the plaintiffs' evidence, defendant received the following sums for his land:

| | |
|---|---:|
| Old mortgage on the property | $13,000 |
| New mortgage | 18,850 |
| St. Johns house and lot | 7,000 |
| Estacada property | 6,000 |
| Total | 44,850 |
| Am't of Gordon's price at $125 an acre | 41,125 |
| Difference | 3,725 |
| Plus the fixed commission | 1,075 |
| Total | $ 4,800 |

This is the amount of plaintiffs' commission as shown by their evidence. There is no substantial legal evidence in the record to support the findings for any greater amount. There is evidence to support the other findings, and they should not be disturbed.

Counsel for plaintiffs suggest that the defendant does not allege in his answer that the Estacada land is not worth $10,400, nor that the St. Johns property is not worth $7,000; but the allegation of the complaint

is to the effect that the property of defendant was sold for $150 per acre, and this is denied.

4. Counsel for defendant contend that the transaction was an exchange and not a sale. In so far as the notes and mortgages were concerned, it partook of the character of a sale. There is no substantial difference between a sale and an exchange: *Kennerly v. Somerville*, 68 Mo. App. 222, 227.

Under the provisions of Article VII, Section 3, of the Constitution, the judgment of the lower court should be changed and reduced to $4,800, and it is so ordered.                                                    MODIFIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.