SILVIO POLITI, Respondent, v. IRVMAR REALTY CORP., Appellant.
SILVIO POLITI, Appellant, v. IRVMAR REALTY CORP., Respondent.

First Department, March 22, 1962.

*I. Sidney Worthman* of counsel (*Tropp & Steinbock,* attorneys), for appellant.

*Howard N. Meyer* (*Paul O'Dwyer* with him on the brief; *Strauss & Fitzgerald,* attorneys), for respondent.

STEUER, J. On plaintiff's failure to pay costs awarded to defendant on a prior appeal, defendant moved to dismiss the complaint for failure to prosecute. The award of costs had been outstanding for six months at the time. Plaintiff contended that he was financially unable to pay the costs. This contention is not disputed. Special Term denied the motion on the ground that an additional period to raise the necessary funds should be accorded to plaintiff, and permitted the motion to be renewed in the event payment was not made within a time reasonable for this purpose. Plaintiff then moved to vacate the stay arising from his failure to pay (Civ. Prac. Act, § 1520) on the ground that defendant's action was a waiver of its right to a stay. This application was likewise denied by Special Term.

We find both of these dispositions to be proper, with the qualifications set forth below. Certain aspects of the situation being novel and others not having had clear exposition, some discussion is in order. Dismissal for lack of prosecution is governed by section 181 of the Civil Practice Act. The right to move is limited, generally, to the instances where plaintiff's failure to proceed in the action is unreasonable. A failure to take the steps necessary to bring the case on for trial only becomes unreasonable when the cause of the failure is within plaintiff's control. Then if he fails to take them, other things being equal, his action is unreasonable. Here the situation is claimed to be beyond his control, and if his claimed lack of funds represents the fact, it is beyond his control. So, in order for defendant to succeed on its application it would have to

show that the contention lacks factual basis. Permission to renew should therefore rest not on a further lapse of time but on making such a showing.

We come now to plaintiff's motion to be relieved of the stay provided by section 1520 of the Civil Practice Act. This application is based on the provision in the section that the adverse party may at his election waive the stay of proceedings. It is plaintiff's contention that by making the motion to dismiss defendant has so elected. It is elementary that waiver always requires intent. The intent to waive may, however, be shown by conduct inconsistent with a purpose to have the action stayed. A proper grasp of the situation necessitates certain preliminary considerations. In the first place, the stay against the offending party is of all proceedings except to review or vacate the order imposing costs. It was very early held that the section or, more exactly, its predecessors, did not require a party to default. For instance, a defendant who is stayed can nevertheless file his answer (*Randell* v. *Abrisqueta,* 20 Abb. N. C. 292). The gist of the holdings is that what is stayed is an '' onward movement '' (*Phipps* v. *Carman,* 26 Hun 518). The stay, accordingly, does not prevent the defendant from contesting the issues at the trial (*Mattice* v. *Shelland,* 76 App. Div. 236). Whether this is so because the stay does not go to that extent or because plaintiff, in noticing the case for trial, waives the stay, is not significant (see *Mattice* v. *Shelland, supra,* p. 237).

The same rules apply to a plaintiff who has been stayed. If the defendant brings the case on for trial, he cannot advance the stay as a ground for preventing the plaintiff from putting in his proof (*Eisenlord* v. *Clum,* 52 Hun 461). The plaintiff cannot be required to come into court and then default. The theory of waiver might well be deemed the more applicable approach in cases where the party stayed is the plaintiff. But to constitute such a waiver defendant's conduct of the action cannot be such that if the plaintiff does not take an '' onward step '' he will be defaulted. Defendant may not maneuver the plaintiff into a situation where the latter has the alternatives of proceeding or defaulting. If defendant does take steps having that effect, he waives the right to a stay and plaintiff may proceed. That is not the situation with which we are presented. Here defendant asks plaintiff to pay the costs or default. By doing so, defendant did not force plaintiff to violate the stay or drop the action. Had it done so, doubtless a waiver would be spelled out. Failing that, its application, even though in excess of its rights in the matter, cannot be said to evince an intent to waive the stay.

The orders should be affirmed, without costs.

106

Breitel, J. P., Valente, McNally and Eager, JJ., concur.

Orders entered on November 1, 1961 unanimously affirmed, without costs.